Theodore V. OLSON, Appellant,

v.

UNITED STATES of America, Appellee.

The OVERLAND NATIONAL BANK OF GRAND ISLAND, etc., Plaintiff,

v.

Theodore V. OLSON, et al., Defendants.

Nos. CV 89-0-555, CV 89-0-554 and BK 85-1085.

United States District Court, D. Nebraska.

Nov. 1, 1991.

and marketed center pivot irrigation systems.

In 1980 Olson Brothers experienced cash flow problems, and eventually filed for bankruptcy. Of particular significance here is the fact that during the final three calendar quarters of 1980 the company failed to pay to the Internal Revenue Service all of the income and social security taxes withheld from its employees, and to pay to the IRS the corporate matching obligation for those social security taxes. 101 B.R. at 130. In 1983 the Secretary of the Treasury demanded payment from Theodore Olson for the amount of unpaid taxes.[1] *Id.*

Frank C. Heinisch, Heinisch and Bryant, Geneva, Neb., William L. Needler, William L. Needler and Associates, Ltd., Ogallala, Neb., Robert Creager, Lincoln, Neb., for appellants, Theodore and Sandra Olson.

Richard Anderl, Omaha, Neb., for appellee Prudential Ins. Co. of America.

Loren Mark, Omaha, Neb., Tom Calucci, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee I.R.S.

## MEMORANDUM OPINION

CAMBRIDGE, District Judge.

THIS MATTER is before the Court on appeal and cross-appeal, pursuant to Bankruptcy Rule 8001 *et seq.*, from the decisions of the United States Bankruptcy Court in a bifurcated trial, reported in *In re Olson*, 101 B.R. 128 (Bkrtcy.D.Neb.1988) and *In re Olson*, 101 B.R. 134 (Bkrtcy.D.Neb.1989), respectively. At issue are the Bankruptcy Court's determinations that (1) that Theodore V. Olson was subject to a tax penalty under 26 U.S.C. § 6672 (appealed by Olson in CV 89-0-555), and (2) the United States did not have a lien, based upon the § 6672 finding, against an interpleaded fund (appealed by the United States in CV 89-0-554). For the reasons set out below, the decisions of the Bankruptcy Court are affirmed.

## I. BACKGROUND

The facts are set out in detail in the reported related decisions of the Bankruptcy Court, in *In re Olson*, 101 B.R. 128 and *In re Olson*, 101 B.R. 134, respectively, and will be briefly summarized here. During all times relevant, Theodore V. Olson was both a self-employed farmer and the president, chief operating officer, and sole shareholder of Olson Brothers Manufacturing Company, an entity that manufactured

In the meantime, in 1982 Olson, in his occupation as a farmer, had filed a Chapter 11 bankruptcy petition and had proceeded to plant and harvest a crop. 101 B.R. at 136. Several creditors made claims on the proceeds; those funds were eventually placed in an escrow account with Overland National Bank of Grand Island, Nebraska, and ultimately paid into the registry of the Clerk of the Bankruptcy Court. *Id.* at 136–37.

Olson's bankruptcy case was dismissed by the Bankruptcy Court on January 27, 1984, and on or about February 4, 1984 the United States filed a federal tax lien to collect the $184,220.96 owed it under the § 6672 assessment filed in 1983. *Id.* at 139.

In the first part of the bifurcated trial that gave rise to these appeals, the Bankruptcy Court determined that Olson was liable, under 26 U.S.C. § 6672, for payment of taxes due for the third and fourth quarters of 1980, totalling $184,220.96. 101 B.R. at 134. That finding is the subject of Olson's cross-appeal in CV 89-0-554.

However, the Bankruptcy Court did not allow the United States to recover the assessment from Olson because, in the second half of the trial, it found the assessment to be void. The Bankruptcy Court found that the § 6672 assessment had been

---

1. 26 U.S.C. § 6672 provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account and pay over such tax, ... shall ... be liable to a penalty equal to the total amount of the tax evaded or not collected, or not accounted for and paid over."

made at a time when the Chapter 11 petition was still in effect and when all such actions were therefore automatically stayed pursuant to 11 U.S.C. § 362, and therefore concluded that the § 6672 assessment was either void or voidable and further found that if it were merely voidable that it would be voided by the Bankruptcy Court. 101 B.R. at 146. That finding has been appealed to this Court by the United States and is the subject of 89-0-554.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■ The standard of review in bankruptcy appeals is well-established—this Court may review the Bankruptcy Court's legal conclusions de novo but the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous. Bankr.R. 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

### B. OLSON WAS PROPERLY ASSESSED PURSUANT TO 26 U.S.C. § 6672.

■ As the Bankruptcy Court correctly noted, a corporate officer is liable under § 6672 if he (1) is the person assigned to collect, account for, and pay over the tax money, and (2) willfully fails to insure that the tax is paid over. *See, e.g. Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir.1988). The Bankruptcy Court further, and again correctly, concluded that the responsible party need not have acted with evil or bad intent. *See, e.g., Anderson v. United States*, 561 F.2d 162, 166 (8th Cir. 1977) ("It is sufficient if the failure to pay the trust fund to the government was the result of conscious acts or omissions by the responsible person with knowledge of the existence of the taxpayer's obligation to make such payments").

■ Applying those legal standards, the Bankruptcy Court then made the factual determination that Olson was a responsible party for purposes of § 6672. *In re Olson*, 101 B.R. at 133. That Court having also found that Olson was aware that the taxes were not paid, *id.* at 131, and that there were funds available to make those payments, *id.* at 133, thereby concluded that Olson voluntarily refused to make those payments. *Id.*[2]

■ Olson also argues that the Bankruptcy Court erred in allowing the Internal Revenue Service to allocate his voluntary payments to tax obligations that were not subject to § 6672 liability, which resulted in an increased assessment under § 6672. Olson does not allege that the existence of any agreement as to allocation of those funds and there is strong authority that, in the absence of such agreement, the IRS is entitled to make such allocations in the manner most beneficial to the government. *See, e.g. Emshwiller v. United States*, 565 F.2d 1042, 1046 (8th Cir.1977) ("Absent such agreement or direction, the IRS was entitled to apply the payments to the corporation's oldest debts first"), and *Liddon v. United States*, 448 F.2d 509, 513 (5th Cir. 1971) ("Clearly the United States had the right to apply the funds ... to the debts of the corporation least likely to be collected"). Accordingly, this Court finds that the Bankruptcy Court correctly allowed the IRS to allocate the tax funds as it did.

Because this Court agrees with the Bankruptcy Court's legal conclusions on this matter, and cannot say that the factual findings are clearly erroneous, the Bankruptcy Court's determination that Olson was liable under § 6672 will be affirmed.[3]

---

**2.** Olson argues that because the assessment was later held void, as being in violation of 11 U.S.C. § 362 (see below), the usual rule placing the burden of proof on the taxpayer when challenging an assessment, *see e.g. Lesser v. United States*, 368 F.2d 306 (2d Cir.1966), should have been reversed on this issue. Olson presents no authority on that point, and this Court is not prepared to conclude that a subsequent finding that an assessment is void, for reasons not relat-

ed to the validity of the assessment *per se,* can or should be retroactively applied to a presumption properly applied in an earlier determination. *See In re Olson*, 101 B.R. at 144: "[T]his Court assum[ed] the validity and efficacy of the assessment process."

**3.** Olson also designated a statute of limitations issue in his Record on Appeal. However he did

### C. THE ASSESSMENT WAS VOID BECAUSE IT WAS IN VIOLATION OF 11 U.S.C. § 362.

However, this Court further finds that the Bankruptcy Court was correct in its subsequent legal conclusion that the assessment under § 6672 was void and without effect because it was made in violation of the automatic stay imposed by 11 U.S.C. § 362.[4] "In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay." 2 *Collier on Bankruptcy* ¶ 362.03 (1991); *see also In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987), *cert. denied* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988) and *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n*, 804 F.2d 1487 (9th Cir. 1986), *cert. denied* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987).

■ The United States does not deny that the assessment was made while the stay was in effect, nor does it contend it had obtained relief from the stay; instead, it argues for an equitable exception to the general rule. Although "[a]n exception may exist *in rare cases* on equitable grounds", 2 *Collier on Bankruptcy* ¶ 362.11, n. 3 (1991) (emphasis added), cases in which such an exception is made have generally required a finding of bad faith on the part of the debtors. *See, e.g., In re Smith Corset Shops*, 696 F.2d 971, 977 (1st Cir. 1982) (debtor remained "stealthily silent") and *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir.1984) ("debtor bears some responsibility for creating the problems" by "unreasonably and inexcusably delay[ing] asserting his claim"). The United States has not demonstrated any such actions on the part of Olson. Accordingly, the Bankruptcy Court's finding that the assessment was void *ab initio* will be affirmed.

■ This Court also rejects the alternative argument that the automatic stay provision of 11 U.S.C. § 362 is inapplicable to the § 6672 assessment. In making this argument the United States contends that the assessment should be considered a "transfer", as defined in 11 U.S.C. § 101(54) and, more precisely, as an involuntary post-petition transfer subject to 11 U.S.C. § 549. Such a transfer would be voidable rather than void, and could be voided only at the discretion of the trustee and only within two years of the transfer. 11 U.S.C. § 549. Because more than two years have passed and the transaction was not challenged, the argument continues, the transaction could not and should not have been held void.

The flaw in this argument is that the assessment and the lien are not equivalent—the assessment was the judicial action that gave rise to the lien. If, as here, that underlying assessment has been found void, all subsequent actions based upon that assessment are also void. *Cf. Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940), in which a sheriff's sale of a farm in violation of the bankruptcy stay was held invalid, and the Court noted that

> [b]ecause that State court had been deprived [by the stay] of all jurisdiction or power to proceed with the foreclosure, the confirmation of sale, the execution of the sheriff's deed, the writ of assistance, and the ejection of appellants from their property—to the extent based upon the court's actions—were all without authority of law.

*See also Richard v. Chicago*, 80 B.R. 451, 454 (N.D.Ill.1987) ("subsequent dismissal [of a bankruptcy petition] does not resurrect a sale that is legally void"). Similarly, in the instant case, it is irrelevant whether the subsequent tax lien may be considered

---

not argue that issue in his brief and it will therefore be deemed abandoned.

**4.** Unless relief has been granted from the automatic stay, section 362(a)(1) prohibits a debtor from acting to recover on a claim against a debtor when that claim could have been filed before bankruptcy; section 362(a)(4) prohibits

recovery on a claim that arose before the commencement of the bankruptcy case; section 362(a)(5) prohibits creation of a lien against property of the debtor; and section 362(a)(6) prohibits assessment of a claim against the debtor that arose prior to commencement of the bankruptcy case.

a transfer; the assessment was void, and the tax lien was therefore invalid.

Because the assessment was void *ab initio*, this Court need not and will not consider the issue of whether the assessment, if considered to be voidable instead of void, was properly voided by the Bankruptcy Court.

The findings and holdings of the Bankruptcy Court are affirmed. A Judgment will be entered in accordance with this Memorandum Opinion.