In the Matter of Theodore V. OLSON,
and Sandra Ann Olson, Debtors.

William L. NEEDLER, et al.,

v.

UNITED STATES of America, Appellee.

Nos. CV 89-0-553 to CV 89-0-555.

United States District Court,
D. Nebraska.

July 6, 1992.

Ronald D. Lahners, U.S. Atty., Daniel A. Morris, Asst. U.S. Atty., Robert D. Metcalfe, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, DC, for plaintiff.

Frank C. Heinisch, Geneva, NE, William L. Needler, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

THIS MATTER is before the Court on two motions for reconsideration by William L. Needler et al., the lawyers for Debtor Theodore V. Olson (Filings No. 35 and 36, respectively, in CV 89-0-554).[1] Specifically Needler et al. ("the lawyers" or "the Olson lawyers") have asked the Court to reconsider its Order dismissing, for lack of jurisdiction,

1. Three appeals were filed, by three separate parties, from the Bankruptcy Court's Order of May 30, 1989, and each was, incorrectly, assigned a separate case number by the Clerk of the Court. The appeal by the Olson attorneys, the subject of the instant order, was designated CV 89-0-553; the appeal by the United States was designated CV 89-0-554; and the appeal by the Olsons was designated CV 89-0-555. That

confusing situation was compounded when the Olson attorneys miscaptioned their appeal of the dismissal for lack of jurisdiction—they captioned it CV 89-0-554, while the order had been filed in CV 89-0-553.

In order to alleviate future confusion, the Court has ordered that all three cases be consolidated in CV 89-0-554. (Filing No. 42).

their appeal of the Bankruptcy Court's Order of May 30, 1989, on the issue of payment of attorney fees and reimbursement for expenses (Filing No. 4 in CV 89–0–553); they have also asked the Court to reconsider the Memorandum Opinion and Order affirming the Bankruptcy Court on the issue of the liability of Theodore V. Olson under 26 U.S.C. § 6672 (Filings No. 33 and 34, respectively, in CV 89–0–554) 133 B.R. 1016.

The Court will grant both motions for reconsideration, will vacate its Order of Dismissal, and will modify its Memorandum Opinion and Order in the manner set out below.

## I. THE ORDER DISMISSING THE APPEAL FOR LACK OF JURISDICTION (FILING NO. 4 IN CV 89–0–553)

The Court has reconsidered and will vacate this Order. However, the Court will affirm the order of the Bankruptcy Court for the substantive reasons set forth below.[2]

### A. DISMISSAL FOR LACK OF JURISDICTION WAS IMPROPER AND THAT ORDER IS THEREFORE VACATED.

The Bankruptcy Court Order appealed from was entered on May 30, 1989. *In the Matter of Olson,* 101 B.R. 134 (D.Neb.1989). Under Bankruptcy Rule 8002 a party seeking to appeal an order is given ten days in which to file notice of such appeal with the Clerk of the Bankruptcy Court. That time period is, in turn, governed by Bankruptcy Rule 9006(a) which, in the first half of 1989[3], read as follows:

When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from computation.

Under that Rule, because a weekend intervened, the original appeal file date was June 11, 1989. However, on June 14, 1989 Bankruptcy Judge Mahoney entered an Order extending the appeal filing date for twenty days. (Bankr. Filing No. 90, Exhibit "A" Filing No. 35 in CV 89–0–554). That made the effective filing date July 1, 1989 (twenty days beyond June 11, 1989). However, because July 1 was a Saturday, the actual effective filing date was July 3, 1989. Because the appeal notice was, in fact, filed on July 3, 1989, it was timely. This Court therefore had jurisdiction over the appeal, and the Order of Dismissal (Filing No. 4 in CV89–0–553) is vacated.

### B. THE OLSON ATTORNEYS ARE NOT ENTITLED TO ATTORNEY FEES OR REIMBURSEMENT.

Because the Court finds that it has jurisdiction over this notice of appeal the Court will next consider the substance of that appeal on the issue of whether the lawyers are entitled to recover fees and expenses from funds currently on deposit in the Overland National Bank.

In considering an appeal from the Bankruptcy Court, this Court may review the Bankruptcy Court's legal conclusions de novo but the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous. Bankr.R. 8013; *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985). However, the scope of review of equitable determinations by the bankruptcy court is limited to an abuse of discretion standard. *Time Oil Co. v. Wolverton,* 491 F.2d 361 (9th Cir.), *cert. denied,* 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974); *Hassler v. Assimos,* 53 B.R. 453 (D.Del.1985); *In re Supreme Plastics,* 8 B.R. 730 (N.D.Ill.1980).

The facts as found by the Bankruptcy Court are affirmed by this Court, and the facts relevant to this particular appeal may be summarized as follows. On March 1, 1982, Sandra and Theodore Olson, farmers in Holt County, Nebraska, filed a Chapter 11 petition. During those proceedings they

---

**2.** The Court also recognizes that the Order dismissing the appeal for lack of jurisdiction ought to have been, but was not, extended to the other two appeals which were, as noted above, erroneously placed in separate files. Those appeals were denied, in Filings No. 34 and 35 of CV 89–0–554. That issue is now moot, because the dismissal has been reconsidered and vacated.

**3.** Rule 9006(a) was amended effective August 1, 1989.

were represented by three law firms: Heinisch & Bryan Law Offices, William L. Needler & Associates, and Berry, Anderson, Creager & Wittstruck. In the fall of 1982 the Olsons, largely "[b]ecause of the legal efforts of the lawyers, were successful in producing a . . . crop, paying the secured and unsecured suppliers, and turning the crop into actual cash soon after the harvest." *Matter of Olson*, 101 B.R. 134, 143 (D.Neb. 1989). Following various payments authorized by the Bankruptcy Court, some $294,-000 remaining after sale of the 1982 crop was placed into ·an independent escrow account with the Overland National Bank of Grand Island, with the approval of the Bankruptcy Court.

In January of 1984, the Bankruptcy Court dismissed the Olson's Chapter 11 action. In March of 1984 the lawyers who had represented the Olsons obtained state court judgment against Theodore Olson for an amount exceeding $300,000. A summons in Garnishment was issued against Overland National Bank on or about June 20, 1984, but no payment was made on the judgment. Overland Bank instead filed a declaratory judgment action against all claimants.

The Olson lawyers claimed an interest in the escrow fund on two theories, the first grounded upon the Nebraska Attorney Lien Statute, Neb.Rev.Stat. § 7–108 (Reissue 1987) and the second upon general equitable grounds. The Bankruptcy Court rejected both theories, and this Court will affirm the Bankruptcy Court.

■ The Nebraska Attorney Lien Statute provides that

An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to the party.

Neb.Rev.Stat. § 7–108. In order to recover on this theory the funds must be "in the hands of the attorney himself, or in the possession of the adverse party. . . ." *Phillips v. Hogue*, 63 Neb. 192, 196, 88 N.W. 180 (1901). The lawyers do not, and cannot, allege that the funds are in their hands; their claim must, therefore, rest upon the argument that the funds are in the hands of an adverse party. However, the Overland Bank, as escrow agent, is not an adversary. The Bankruptcy Court found, as a finding of fact, that "the lawyers were not in an adversarial posture with the escrow agent." *Olson*, 101 B.R. at 144. This Court agrees; Overland Bank, in its role as escrow agent, was· a neutral party. *Cf. Culhane v. Anderson*, 17 F.2d 559 (8th Cir.1927) (federally-appointed receiver is not "adverse party" within meaning of this statute); *State ex rel. Sayre. v. Moore*, 40 Neb. 854, 59 N.W. 755 (1894) (state treasurer is not adverse party for purposes of this statute, even though holding funds appropriated to client by legislature). Accordingly, the attorney lien statute does not apply, and the Olson lawyers may not recover under that theory.

■ In denying the lawyers' claim for fees and reimbursement on general equitable principles, the Bankruptcy Court concluded that "[t]he lawyers may have had an administrative claim in the 1982 bankruptcy case. [However] [u]pon dismissal of the case, their claim for fees bec[ame] an unsecured claim against the debtor who promised the payment." *Olson*, 101 B.R. at 144. Based on review of the facts below, this Court finds that such a conclusion does not constitute an abuse of discretion. Accordingly, the holding of the Bankruptcy Court is affirmed on this issue as well.

## II. THE MOTION FOR RECONSIDERATION . OF THIS COURT'S ORDER AFFIRMING BANKRUPTCY COURT ON THE ISSUE OF OLSON'S LIABILITY UNDER 26 U.S.C. § 6672.

Having reviewed its Memorandum Opinion (Filing No. 33) and Order (Filing No. 34), the Court finds that the motion for reconsideration (Filing No. 36) should be granted.

After reconsideration, the Court finds that its Memorandum Opinion should be modified in the following manner: the words, "totalling $184,220.96", appearing in the eleventh

(11th) line of page 3 should be and hereby are stricken; the Memorandum Opinion shall remain unchanged in all other respects. Similarly, the Order shall be modified in the following manner: the words "in the amount of $184,220.96" should be and hereby are stricken. The Order shall remain unchanged in all other respects.

IT IS THEREFORE ORDERED:

(1) The motion for reconsideration by William L. Needler et al. (Filing No. 35 in CV 89-0-554) is granted;

(2) This Court's Memorandum Opinion and Order dismissing the notice of appeal filed by William L. Needler et al. (Filing No. 4 in CV 89-0-553) is vacated;

(3) The finding of the Bankruptcy Court that William L. Needler et al. had no right to payment of fees from, or reimbursement of fees from, funds on deposit at the Overland National Bank is affirmed;

(4) The motion for reconsideration (Filing No. 36 in CV 89-0-554) is granted; and

(5) This Court's Memorandum Opinion (Filing No. 33 in CV 89-0-554) and Order (Filing No. 34 in CV 89-0-554) are modified as described above.