Brian Schwalb, Washington, DC, for Internal Revenue Service.

**In re Duane E. ULLRICH, Debtor.**

**Bankruptcy No. 93–04836–6B1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 16, 1995.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor, Duane E. Ullrich's, Objection to Claim No. 8 as Amended by Claim No. 14 Filed by the Internal Revenue Service. Appearing were S. Craig Wakefield, attorney for Duane E. Ullrich, the Debtor; and Brian Schwalb, attorney for the Internal Revenue Service. After reviewing Proofs of Claim Nos. 8 and 14, the Brief in Support of United States of America's Motion to Overrule, in part, Debtor's Objection to Claim, considering arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Internal Revenue Service (the "IRS") assessed lax liabilities of more than $46,000.00 representing unpaid 1992 employment taxes. After the assessment of the 1992 employment taxes, the Debtor filed a Chapter 13 petition (Case No. 93–834–BKC–6C3). In violation of the automatic stay, a Notice of Federal Tax Lien ("NFTL") was filed in the public records of Orange County, Florida on March 23, 1993. The IRS contends the NFTL was computer generated by IRS Special Procedures Function ("SPF") from its Jacksonville office.

Although the NFTL was on record, SPF, on June 24, 1993, filed a Proof of Claim in the Debtor's Chapter 13 case characterizing its claim against the Debtor for the 1992 employment taxes as "unsecured priority." The Chapter 13 case was dismissed on October 5, 1993. Two days later, on October 7, 1993, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. On January 14, 1994, SPF filed a Proof of Claim (Claim No. 8) which it amended on November 28, 1994 (Claim No. 14). In its amended Proof of Claim, SPF characterized Debtor's 1992 employment tax liability as a secured claim. The Debtor objected to the Proof of Claim contending the NFTL filed in Orange County, Florida concerning Debtor's liability for withheld income and social security taxes for the four quarters of 1992 was filed in violation of the automatic stay in effect during the previous Chapter 13 case.

In Claim No. 14, SPF indicated WT–FICA taxes for the period of 10/01/93–10/07/93 at $1,000.00. This represented the IRS' estimate of taxes from September 30, 1993 to the Debtor's bankruptcy filing. During that period of time, Ullrich was not an employer but retained an employee leasing company which was responsible for the payment of withholding taxes. Ullrich was not personally responsible for the $1,000.00 assessment for the period of 10/01/93–10/07/93.

## CONCLUSIONS OF LAW

■ The first issue is whether the filing of the NFTL in violation of the automatic stay provision of the Bankruptcy Code is void.

The automatic stay provision of the Bankruptcy Code provides in pertinent part,

(a) ... a petition filed under this title ... operates as a stay, applicable to all entities, of—

(4) any act, to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

The Internal Revenue Service acknowledges it filed the NFTL in the public records of Orange County without relief from the Court, which violated the automatic stay. The IRS maintains the filing of the NFTL was inadvertent, and filed through a computer-generated system. Although actions taken in violation of the automatic stay are commonly "void," *Kalb v. Feuerstein,* 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982), the IRS relies on law suggesting such actions are "voidable."

The IRS relies on *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984), a case in which the Court determined, "Section 362 permits bankruptcy courts, in appropriately limited circumstances, to grant retroactive relief from the automatic stay." *Albany Partners,* 749 F.2d at 675. The *Albany* court acknowledged the important congressional policy that courts be especially hesitant to validate acts committed during the pendency of the stay. Finding the bankruptcy petition was not filed in good faith, and Albany Partners' asserted interest in the property was previously litigated, the Eleventh Circuit found the court could reasonably hold the movants were reasonably entitled to rely on the previous judicial determination and proceed with the foreclosure sale on the assumption that the property was not part of the bankruptcy estate. *Albany Partners,* 749 F.2d at 675–676.

In this case, unlike the facts in *Albany Partners,* there was no litigation over the issue resulting in the filing of the NFTL. There has been no allegation the NFTL was filed based on the belief the Chapter 13 case was not filed in good faith.

The bankruptcy court has the power to grant creditors relief from the stay pursuant to Section 362(d) which provides in part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating annulling, modifying, or conditioning such stay—

11 U.S.C. § 362(d). The IRS took no affirmative action to seek relief from the Court to validate the NFTL taken in violation of the automatic stay or seek retroactive relief.

The IRS contends Section 349(b)(1)(B) [1] by referring to Section 545(2) [2], establishes a presumption that statutory liens avoided during a bankruptcy case because they were perfected in violation of the stay, upon dismissal, are to be reinstated. The Court disagrees.

The NFTL filing was void not "avoided", and the IRS took no action to validate its action or seek retroactive relief. Additionally, Section 349(b)(3) "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Before the filing of the Chapter 13, the Debtor's property was unencumbered by a NFTL. Therefore, the IRS' act of filing the NFTL remained void.

■ The second issue is whether Ullrich is responsible for the $1,000.00 WT–FICA assessment for the period of October 1, 1993 to October 7, 1993. Ullrich retained an employee leasing company which was responsible for the payment of withholding taxes during that period of time. Insufficient evidence was presented to demonstrate Ullrich acted as an employer during that period of time.[3]

Accordingly, the Debtor's Objection to Claim No. 8 as amended by Claim No. 14 filed by the Internal Revenue Service is due to be sustained and the United States of America's Motion to Overrule, in part, Debtor's Objection to Claim is due to be denied.

### *ORDER*

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DE-CREED** that the Debtor, Duane E. Ullrich's, Objection to Claim No. 8 as Amended by Claim No. 14 filed by the Internal Revenue Service is **SUSTAINED;** it is further

**ORDERED, ADJUDGED and DE-CREED** that the United States of America's Motion to Overrule, in part, Debtor's Objection to Claim is **DENIED;** and it is further

---

1. Section 349 provides in pertinent part:

    (b) *Unless the court, for cause, orders otherwise,* a dismissal of a case other than under section 742 of this title—

    (1) reinstates—

    *    *    *    *    *    *

    (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title;

    11 U.S.C. § 349(b).

2. Section 545(2) provides that a trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien:

    (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

    11 U.S.C. § 545(2).

3. The Internal Revenue Code defines "employer" as:

    (d) **Employer.** For purposes of this chapter, the term "employer" means the person for whom an individual performs or performed any service, of whatever nature, was the employee of such person, except that—

    (1) if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term "employer" (except for purposes of subsection (a)) means the person having control of the payment of such wages, and

    (2) in the case of a person paying wages on behalf of a nonresident alien individual, foreign partnership, or foreign corporation, not engaged in trade or business within the United States, the term "employer" (except for purposes of subsection (a)) means such person.

    26 U.S.C. § 3401 (1995).

**ORDERED, ADJUDGED and DE-CREED** that the United States of America Internal Revenue Service shall be allowed a general unsecured claim in the sum of $12,-475.03, an unsecured priority claim in the sum of $68,334.58, and no secured claim.