**In re James PRINE, Tarry Prine, Debtors.**

**Bankruptcy No. 97–01232–D.**

United States Bankruptcy Court, N.D. Iowa.

Sept. 4, 1997.

---

*ORDER RE MOTION TO AVOID LIEN*

PAUL J. KILBURG, Bankruptcy Judge

On August 6, 1997, the above-captioned matter came on for hearing on Debtors' Mo-

tion to Avoid Lien pursuant to assignment. Debtors James and Tarry Prine appeared by Attorney Brian Peters. Resister American Trust & Savings Bank appeared by Attorney David Curtiss. The parties stipulated the facts and argued their respective positions. The parties were allowed until August 18, 1997 within which to submit simultaneous briefs after which the matter would be taken under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## FINDINGS OF FACT

Debtors move to avoid the lien of American Trust & Savings Bank on their mobile home which they utilize as their homestead. It is their position the Bank perfected the security lien in violation of the automatic stay in their previously filed Chapter 13 case. The Bank filed a resistance to this Motion to Avoid Lien stating that, at the time of the perfection, the property was vested in Debtors, not the estate, and, therefore, it did not violate the automatic stay. In this argument, the parties rely upon § 349 of the Bankruptcy Code which states:

> A dismissal of a case other than under § 742 of this title … revests the property of the estate in the entity in which such property was vested immediately before the commencement of the property under this title.

11 U.S.C. § 349(b)(3).

The uncontested facts establish Debtors filed a Chapter 13 Petition in the Northern District of Iowa on January 13, 1997. The Court entered a dismissal order in this case on April 18, 1997 which was filed of record and sent to the parties on April 30, 1997. Debtors filed a second bankruptcy petition on April 25, 1997 and this bankruptcy petition remains on file and is the case in which this Motion to Avoid Lien is pending.

The uncontested facts also establish that Debtors James I. and Tarry A. Prine entered into a financial transaction with American Trust & Savings Bank of Dubuque, Iowa on June 12, 1996. In this agreement, Debtors borrowed $11,772.03. The loan document, received into evidence as Exhibit A, states the loan is secured by a 1994 Skyline Mobile Home and Debtors grant a security interest in property which included the Skyline Mobile Home as well as a Jeep Wagoneer. This loan and security interest are secondary to a purchase money security interest in the mobile home in favor of Green Tree Financial. It is uncontested that the loan constitutes a non-purchase money security interest.

The record is uncontested that after June 12, 1996 the Bank did not enter a notation of the lien on the Mobile Home certificate of title until April 3, 1997. This occurred during the pendency of Debtors' first Chapter 13 Petition which was on file from January 13, 1997 until April 18, 1997.

The Plan confirmation hearing in this case was held June 18, 1997. Debtors' Chapter 13 Plan was confirmed June 23, 1997 without objection by the Bank or any other party. The Plan provides that the Bank, as a secured creditor, will have the 1985 Jeep Wagoneer which is the collateral for the loan returned. The Plan also lists an unsecured claim for the Bank to be paid pro rata with other unsecured claims.

Debtors filed the present Motion to Avoid Lien on June 13, 1997. They are the owners of the mobile home in joint tenancy. The Bank's security interest was perfected in a second lien position by a notation of lien recorded April 3, 1997. Debtors argue the notation of lien is void *ab initio* and of no effect because it occurred during their previous case in violation of the automatic stay. As the lien notation is of no effect, Debtors seek to avoid the lien of record on the certificate of title. While the Bank concedes the act was done while the automatic stay was in effect, it argues that § 349(b)(3) allows its perfection of security interest against the property of Debtors, as opposed to property of the estate.

The Bank further argues that perfection of its lien in violation of the automatic stay is merely voidable, rather than void. It states it was denied the opportunity to protect its interests by a delay in receiving notice of the dismissal of Debtors' first case. The Bank urges that this constitutes equitable grounds for the Court to validate its notation of lien.

## CONCLUSIONS OF LAW

The initial issue for the Court is whether the Bank's perfection of its security interest during Debtors' previous Chapter 13 case constitutes a violation of the automatic stay. If it is a violation of the stay, a secondary issue is whether or not this conduct constitutes a void or voidable act. The final issue, if the perfection is found to be void, is whether it remains void in Debtors' subsequent Chapter 13 case.

## VIOLATION OF STAY

■ The filing of a bankruptcy petition triggers an automatic stay of most actions to enforce a lien against the debtor. 11 U.S.C. § 362(a). That stay extends to any act "to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5). The automatic stay continues until a case is closed or dismissed, or discharge is entered. 11 U.S.C. § 362(c)(2).

By noting its interest on the Certificate of Title of Debtors' mobile home, the Bank attempted to perfect a lien which arose before the commencement of the case. *See In re Brooks,* 871 F.2d 89, 90 (9th Cir.1989) (stating rerecording corrected deed to perfect lien violates automatic stay). This constitutes an act to perfect a lien against Debtors' property. The notation of lien occurred after the bankruptcy petition was filed in Debtors' first Chapter 13 case, and before the case was dismissed. Under § 362(a)(5), the Bank violated the automatic stay by this attempt to perfect its lien on Debtors' mobile home.

## VOID VS. VOIDABLE

■ Courts are not in agreement regarding whether actions taken in violation of the automatic stay are void or merely voidable. The Eighth Circuit expressly declined to address the issue in *Riley v. United States,* 118 F.3d 1220, 1222 n. 1 (8th Cir.1997). This Court has held that actions taken in violation of the automatic stay are void *ab initio. In re National Cattle Congress, Inc.,* 179 B.R. 588, 598 (Bankr.N.D.Iowa 1995) (invalidating license revocation), *remanded on other grounds,* 91 F.3d 1113 (8th Cir.1996); *In re*

*Hayes,* 96–21384KD, slip op. at 6 (Bankr. N.D.Iowa Dec. 10, 1996) (applying exception to applicability of automatic stay); *In re Nichols,* L88–00954W, slip op. at 4, 1994 WL 932214 (Bankr.N.D.Iowa Sept. 28, 1994) (invalidating tax lien); *In re American Cent. Airlines, Inc.,* 52 B.R. 567, 569 (Bankr. N.D.Iowa 1985) (holding that attempts to reallocate debtor's landing slots were void and without effect).

In reviewing the cases on the issue of whether actions in violation of the automatic stay are void or merely voidable, the disagreement among the Circuits is very apparent. In *In re Jones,* 63 F.3d 411, 412 (5th Cir.1995), *cert. denied,* 517 U.S. 1167, 116 S.Ct. 1566, 134 L.Ed.2d 666 (1996), the court states:

> It is well-settled that "actions taken in violation of the automatic stay are not *void,* but rather they are merely *voidable,* because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)."

However, as *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 909 (6th Cir.1993), points out, a majority of the circuits have held that actions taken in violation of the automatic stay are void. "The Fifth Circuit is alone in explicitly holding that actions taken during the pendency of the stay are voidable." *Id.* The court in *Easley* concluded that actions in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances. *Id.* at 911.

The court in *In re Schwartz,* 954 F.2d 569, 572 (9th Cir.1992), notes that the majority of courts have long stated that violations of the automatic stay are void and of no effect, and many courts have specifically held that such violations are void and not merely voidable. Finding stay violations merely voidable would burden bankruptcy debtors with the obligation to fight off unlawful claims, contrary to the intent of Congress. *Id.* at 571–72. The court found erroneous other courts' reasoning that the power to annul the stay under § 362(d) is inconsistent with the stay being void rather than merely voidable. *Id.* at 572.

In the absence of an Eighth Circuit Court of Appeals case deciding the issue, and in

light of the majority position of other courts, this Court will continue to maintain its stance on this issue as set out in previous cases in this district. Acts taken in violation of the automatic stay are void. The Bank's perfection of its lien on Debtors' mobile home in violation of the automatic stay in Debtors' previous Chapter 13 case is void.

**STATUS AFTER DISMISSAL OF CASE**

■ The Court must now consider the effect this has in Debtors' present Chapter 13 case. Under § 549(d)(2), actions to avoid postpetition transfers must be commenced before the case is dismissed or closed. In *In re Garcia,* 109 B.R. 335, 338 (N.D.Ill.1989), the court held that a tax sale in violation of the automatic stay was void *ab initio.* It refused to apply the time limits of § 549(d). *Id.* at 339. The court stated that § 549(d)'s restriction on the time period within which a trustee may avoid postpetition transfers does not apply to a trustee's challenge of actions specifically prohibited by § 362(a). *Id.; see also Richard v. City of Chicago,* 80 B.R. 451, 454 (N.D.Ill.1987).

This Court concludes that, because the Bank's perfection of lien is void, no action is necessary to avoid it. Therefore, § 549(d) does not apply. A determination of the status of the lien after the time Debtors' original case was closed or dismissed is not precluded by § 549(d).

■ The Bank appears to assert that the perfection of its lien which violated the automatic stay became valid when Debtors' original case was dismissed. Dismissal of the previous case does not validate actions taken in violation of the stay. *In re Olson,* 101 B.R. 134, 145 (Bankr.D.Neb.1989), *aff'd,* 133 B.R. 1016 (D.Neb.1991), *modified on other grounds,* 161 B.R. 45 (D.Neb.1992), *aff'd,* 4 F.3d 562 (8th Cir.), *cert. denied,* 510 U.S. 1024, 114 S.Ct. 636, 126 L.Ed.2d 594 (1993). The district court in affirming *Olson* noted that the subsequent dismissal of a bankruptcy petition does not resurrect a sale that is legally void. 133 B.R. at 1019; *Richard,* 80 B.R. at 454.

In *In re Ullrich,* 186 B.R. 747, 749 (Bankr. M.D.Fla.1995), the IRS argued that a notice

of tax lien violating the stay in the debtor's first Chapter 13 case was reinstated upon dismissal. The court held that the notice of tax lien remained void and, at the time of dismissal, § 349(b)(3) revests the property in the debtor unencumbered. *Id.* Other cases have likewise found actions in violation of stay to continue void after dismissal of the case and during the debtor's subsequent bankruptcy case. *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1207 (3d Cir.1991) (concluding that state court must vacate its orders to the extent they adjudicated a claim against the debtor during the pendency of his bankruptcy, which had since been dismissed); *In re Mock,* 197 B.R. 468, 474 (Bankr.E.D.Pa.1996) (finding recording of deed postpetition remained invalid in debtor's subsequent Ch. 13 case); *In re Izzi,* 196 B.R. 727, 730 (Bankr.E.D.Pa.1996) (holding state court action, void *ab initio* in debtor's first Ch. 13 case, cannot serve as the basis for a judgment claim against the debtor in his subsequent case).

Based on the foregoing, the Court concludes that the Bank's notation of lien on the certificate of title to Debtors' mobile home is invalid. The Bank noted its lien on the title during the pendency of Debtors' first Chapter 13 case. This action is a violation of the automatic stay and void *ab initio.* The fact that Debtors' original case was dismissed and Debtors refiled a subsequent Chapter 13 case does not change that result.

The parties have not addressed the issue of the status of the Bank's claim in this case in the face of a finding that the notation of lien is invalid. This is a Chapter 13 case. Debtors' Plan was confirmed June 23, 1997 without objection by the Bank. It states "Secured creditor American Trust and Savings Bank will have the vehicle which is collateral for their loan returned." The Plan does not provide the Bank any other satisfaction of its secured claim. Questions remain regarding the preclusive effect of the confirmed plan and Debtors' ability to use § 544 avoidance powers in Chapter 13. However, these issues were not raised by the parties and rather than address matters not raised, the Court limits this ruling to finding the Bank's

notation on the title of Debtors' mobile home void.

**WHEREFORE,** Debtors' Motion to Avoid Lien is GRANTED.

**FURTHER,** the notation of lien on the certificate of title to Debtors' mobile home by American Trust and Savings Bank on 04–03–1997 is invalid and of no force or effect.

**FURTHER,** judgment shall enter accordingly.

**SO ORDERED.**