**In re Gabriel Eduardo FLORIO, Debtor.**

**Ford Motor Credit Company, Appellant,**

v.

**Gabriel Eduardo Florio, Appellee.**

**No. 98 Civ. 8341(BDP).**

United States District Court,
S.D. New York.

Jan. 25, 1999.

C. Stephen Hackeling, Macco Hackeling & Stern, Huntington, NY, for appellant.

John E. Oliva, Michael H. Schwartz & Associates, P.C., White Plains, NY, for appellee.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

This matter comes before this Court on appeal from an October 16, 1998 Order of Judge Adlai S. Hardin, Jr., of the United States Bankruptcy Court for the Southern District of New York. That Order granted the motion of Gabriel Florio, the Debtor, to compel Ford Motor Credit Company ("FMCC") to return two vehicles that FMCC had repossessed from the Debtor, and awarded the Debtor damages of $8,699.85, and attorneys' fees and costs pursuant to 11 U.S.C. § 362(h), for FMCC's willful violation of the automatic stay.

On April 16, 1998, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code. By a June 9, 1998 Notice of Presentment, FMCC moved to vacate the automatic stay with respect to the Debtor's 1996 Ford F350, 1997 Ford Pick-up truck, and 1996 Ford Explorer. On July 2, 1998, Judge Hardin, Debtor's counsel, and FMCC counsel signed a Conditional Order, which vacated the automatic stay with respect to the 1996 Ford Explorer. The Conditional Order also required the Debtor to 1) cure the post-petition arrears by certain dates, and 2) tender regular future post-petition payments. The Conditional Order provided that if the Debtor failed to comply with the conditions of the Order, FMCC was to serve a Notice of Default upon Debtor and his counsel, and, if the Debtor failed to cure the default within ten days, the automatic stay would be vacated upon the filing of an Affidavit of Non–Compliance with the Bankruptcy Court.

When the Debtor failed to tender the payments under the Conditional Order, FMCC gave written notice of the default by a July 31, 1998 letter to the Debtor's attorney, which stated that if the Debtor failed to cure the default by August 10, the stay would be lifted and FMCC would have the right to proceed with its state law remedies. On the night of September 10, 1998, FMCC repossessed the remaining two vehicles.

On October 6, 1998, Judge Hardin held a hearing to determine whether FMCC had willfully violated the automatic stay. During that hearing, Judge Hardin found by a preponderance of credible evidence that on August 10, 1998, the Debtor delivered a check for $4500.00 to the FMCC office in Tarrytown, New York. That payment, however, was not entered into FMCC's books until August 12, 1998, after the Debtor clarified to which accounts FMCC should apply the check. FMCC then cashed the check and retained the funds. Approximately one

month later, FMCC repossessed Debtor's vehicles.

As the check was timely delivered, Judge Hardin found that Ford's retention of the check and seizure of the vehicles on the night of September 10 was a willful violation of the automatic stay, and entitled the Debtor to the relief provided in § 362(h) of the Bankruptcy Code. Accordingly, Judge Hardin ordered FMCC to pay to the Debtor 1) $7500.00 in lost business income, 2) $1,199.85 for the cost of renting a replacement truck, and 3) reasonable attorneys' fees after proper application to the Bankruptcy Court. A written Order finding a willful violation was signed by Judge Hardin on October 16, 1998. This appeal followed.

Under 28 U.S.C. § 158(a) and (c), the District Court is authorized to exercise appellate jurisdiction over final orders of the Bankruptcy Court. *See* Bankr.Rule 7052 (incorporating Fed.R.Civ.P. 52); Bankr.Rule 8013. This Court will review the Bankruptcy Court's conclusions of law de novo and its factual findings under a "clearly erroneous" standard. *In re Maxwell Newspapers, Inc.*, 981 F.2d 85, 89 (2d Cir.1992).

11 U.S.C. § 362(h) provides: "An individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages." FMCC initially contended that the Bankruptcy Court used the wrong standard to determine whether the automatic stay had been violated, arguing that to prevail on an action for a violation of an automatic stay, the moving party must prove his case by clear and convincing evidence. At oral argument, however, appellant conceded that Judge Hardin had applied the correct standard.

 It is well established that the "clear and convincing" standard applies only when there is an adjudication of contempt for the violation of an automatic stay; if that is not the case, the "clear and convincing" standard of proof does not apply. *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir.1990) (rejecting standard of proof governing contempt proceedings as equivalent to that governing imposition of sanctions pursuant to 11 U.S.C. § 362(h), holding that "any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages pursuant to 11 U.S.C. § 362(h)"); *see also Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 293 (4th Cir.1986) ("a finding of civil contempt is not a necessary predicate in order to impose the sanctions of § 362(h)"); *Cf. In re Stockbridge Funding Corp.*, 158 B.R. 914, 917 (S.D.N.Y. 1993) (reviewing bankruptcy court's *finding of contempt* against appellants under clear and convincing evidence standard). In this case, the Bankruptcy Court awarded only actual damages and attorneys' fees; no finding of contempt was either sought or imposed. Accordingly, the "clear and convincing" standard of proof does not apply, and the Bankruptcy Court needed only to find a willful violation of the automatic stay in order to impose sanctions under 11 U.S.C. § 362(h). *See In re Crysen/Montenay Energy Co., supra.*

 FMCC next contends that the debtor failed to prove that FMCC's violation of the automatic stay was willful. As noted above, in our Circuit, "if a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of actual damages." *In the Matter of Karen A. Robinson*, 228 B.R. 75, 80 (Bankr.E.D.N.Y.1998) (citing *In re Crysen/Montenay Energy Co.*, 902 F.2d at 1105). In this case, then, in order to show willfulness, the Debtor had to show that FMCC 1) knew that the stay was in effect, and 2) deliberately violated the terms of that stay. As Judge Hardin found, and this Court cannot say his factual findings were clearly erroneous, the Debtor timely delivered his check to FMCC on August 10, 1998, a fact that FMCC should have known when it received the funds, and that indicated to FMCC that the stay remained in effect. In addition, as previously noted, FMCC cashed the check, retained payment, and waited until a month after receipt of the check to repossess the Debtor's vehicles. According-

ly, Judge Hardin correctly found that FMCC deliberately violated the terms of the stay.

The Bankruptcy Court's Order of October 16, 1998 is therefore affirmed. As the Debtor's attorneys' fees and costs in defending this appeal flow from FMCC's violation of the stay, Debtor is entitled to recover attorneys' fees and costs expended in defending this appeal. *See* 11 U.S.C. § 362(h).

**SO ORDERED.**