**In re Bruce BRAUGHT and Debra Braught, Debtors.**

No. 03–37556.

United States Bankruptcy Court, S.D. New York.

March 25, 2004.

Garrison Sherow, Poughkeepsie, NY, for Debtors.

## MEMORANDUM DECISION

CECELIA G. MORRIS, Bankruptcy Judge.

On March 23, 2004, this Court heard oral argument on Debtor's Motion Seeking Damages for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(h) (the "Motion") brought against Sullivan County. Written opposition to Debtor's Motion was filed by Marvin Newberg, Esq., Assistant County Attorney for the County of Sullivan on February 26, 2004; Mr. Newberg did not appear in Court for the March 23, 2004 hearing. For the reasons set forth below, upon consideration of the oral argument heard by the Court on March 23, 2004, together with the papers and legal arguments submitted by both parties, the Court holds that Sullivan County willfully violated the automatic stay when it failed to vacate the judgment signed by Judge Frank J. LaBuda on May 22, 2003. Although entry of the judgment on April 28, 2003 might have been a mere ministerial act that might not have violated the automatic stay, when the judge affixed his signature to the judgment on May 22, 2003, a full month after Debtors' bankruptcy filing, he performed a judicial function which was a violation of the automatic stay.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. Sections 1334(a) and 157(a) and the standing order of reference to bankruptcy judges dated July 10, 1098 signed by acting Chief Judge Robert J. Ward. This is a core proceeding under 28 U.S.C. Section 157(b)(2).

## PROCEDURAL POSTURE

■ By bringing this Motion, Debtors are seeking redress for a stay violation that occurred in their previous Chapter 13 bankruptcy case. As actions taken in violation of the automatic stay are void, and not voidable, the Debtors do not have to reopen their prior Chapter 13 case to redress possible stay violations. *See In re Prine,* 222 B.R. 610, 612 (Bankr.N.D.Iowa 1997); *D'Alfonso v. A.R.E.I. Invest. Corp (In re D'Alfonso),* 211 B.R. 508, 513 (Bankr.E.D.Pa.1997) (automatic stay that arises in prior or different cases can be enforced by a debtor in a subsequent case); *In re Schwartz,* 954 F.2d 569, 571–2 (9th Cir.1992) (actions taken in violation of the stay are voidable and debtors need take no affirmative action to challenge violations, which can be enforced in a subsequent bankruptcy filing). It is not the debtor's responsibility to take action that ensures that she receives the protection of the automatic stay; rather the creditor bears the burden of seeking relief from the automatic stay before taking post petition collection actions. This Court will not require the Debtors to reopen their prior case, which was also filed in this Court, to seek redress for a stay violation in that earlier case, when the Debtors are currently before the Court in a subsequent filing. To do so would place an additional burden on the Debtors. *See Schwartz, supra,* at 572.

## BACKGROUND FACTS

■ The facts set forth in Debtors' Motion are straightforward. Debtors filed their first Chapter 13 petition on April 22, 2003.[1] Sullivan County was listed as a creditor on Debtors' Schedule E, and thus received notice of Debtors' filing. Debtors state that in April, 2003, the County moved for summary judgment seeking to dismiss the Debtors' Answer in a tax foreclosure proceeding pending against the Debtors. On April 28, 2003, six days after the filing of the Debtor's first bankruptcy case, a judgment awarding possession of the subject premises to Sullivan County was entered by the Sullivan County Clerk. Inexplicably, the judgment entered on April 28, 2003 was signed by Judge LaBuda on May 22, 2003, almost a month after its "entry" and during the pendency of Debtors first bankruptcy filing.[2] Generally, if the only remaining barrier to enforceability of a judgment is entry by the court clerk, the performance of this ministerial act will not violate the stay. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994). On the other hand, all judicial functions necessary to make a judgment valid are stayed by 11 U.S.C. § 362(a)(1). *See In re Capgro Leasing Assoc.*, 169 B.R. 305, 316 (Bankr.E.D.N.Y.1994) (judicial function is complete when state court judge signs the order directing the clerk of the court to enter a judgment against a debtor).

The Debtors' first filing was dismissed on October 8, 2003. After the dismissal, on October 21, 2003, the April 28, 2003 judgment and a deed was filed with the Sullivan County Clerk, and Debtor's property was transferred to the County of Sullivan. Debtors' current counsel filed the instant case on October 24, 2003. Debtors attempted to negotiate the return of the property subsequent to the second bankruptcy filing, to no avail. Debtors allege that Sullivan County's actions have damaged them significantly: their Chapter 13 plan will be funded by rent from one of Debtors' parcels seized by Sullivan County; the tenant has refused payment since the transfer and Debtors have been threatened with a criminal trespass action *if they enter onto the subject property.* Additionally, Debtors allege that they have incurred $1,200 in attorney's fees in connection with the bringing of the instant motion.

Sullivan County has filed Opposition to Debtors' motion,[3] advancing that no willful violation of the stay has been shown. Sullivan County points out in their opposition that the motion for summary judgment filed in the tax foreclosure proceeding, which sought to strike the Debtors' answer, was brought prior to Debtors' Chapter 13 filing. The County also maintains that as it took no steps to enforce its interest until after the case was dismissed on or about October 21, 2004, it did not violate the automatic stay, and asks the Court to deny the Debtors' Motion. In other words, Sullivan County argues that

1. The Debtors' Motion contains a typographical error which indicates that the petition was filed on "July April 22, 2003" (sic) but a review of the electronic docket in Case No. 03–35948 shows that the correct date is in fact April 22, 2003.

2. The Court examined a copy of the judgment provided by Debtors' current counsel at the hearing on the Debtors' Motion which took place on March 23, 2004.

3. Sovereign immunity was not argued by Sullivan County, and does not apply to non-state, county defendants. *See Metromedia Fiber Network, Inc. v. Various State and Local Taxing Authorities (In re Metromedia)*, 299 B.R. 251, 280 (Bankr.S.D.N.Y. July 15, 2003)(Hardin, J.).

the two acts that did occur during the pendency of Debtors' first bankruptcy case did not constitute a willful violation of the automatic stay.

### DISCUSSION

11 U.S.C. § 362(a)(1) stays the continuation of any judicial proceeding against the debtor that was commenced prior to the filing of a case under Title 11. The automatic stay is a vital, fundamental protection afforded by the bankruptcy laws. It is designed to give debtors a respite from collection efforts so that they may reevaluate their financial circumstances. In other words, the automatic stay provides a "breathing spell" so that debtors may assess their economic situation without the distraction of creditors seeking payment in full at a time when they do not have the financial means to satisfy all their obligations at once. The reprieve offered by the automatic stay is essential to the success of the bankruptcy case, especially in a Chapter 13 "consumer reorganization" and is effective immediately upon the filing of a bankruptcy petition, and extends to all non-bankruptcy courts as well as to creditors. *See In re Best Payphones*, 279 B.R. 92, 97 (Bankr.S.D.N.Y.2002)(Bernstein, C.J.).

Sullivan County does not dispute that it received notice of Debtors' April 22, 2003 bankruptcy filing. Indeed, Sullivan County was listed as a creditor on Debtors' April 22, 2003 petition. In the Second Circuit, "if a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of damages." *Ford Motor Credit Co. v. Florio (In re Florio)*, 229 B.R. 606, 608 (S.D.N.Y.1999) (Parker, J.). Damages for willful violation of the automatic stay will lie if "a person takes a deliberate act...in violation of a stay, which the violator knows to be in

existence...[s]uch an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed general intent in taking actions which have the *effect of violating the automatic stay* the intent required by § 362(h) is satisfied." *See Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 349 (Bankr.S.D.N.Y.1998) (Gonzalez, J.)(emphasis supplied). So long as the creditor intended to take the action that constituted a stay violation, its intention or lack thereof to violate the stay is irrelevant.

Furthermore, a creditor has an affirmative duty to take steps to vacate any judgments signed and entered after the filing of a bankruptcy petition in violation of the automatic stay. *See Sucre, supra,* at 348 (Upon learning of a bankruptcy filing, a creditor has an affirmative duty to return the debtor to a status quo position as of the time of the filing of the petition). *See also In re Patti*, 2001 WL 1188218 at *7 (Bankr.E.D.Pa. Sept. 14, 2001), in which a creditor was held to have willfully violated the stay even though the action that constituted the violation was taken by the New York State Court and not the creditor, because the creditor had an affirmative duty to vacate the New York judgment signed and entered after the filing of a bankruptcy petition, and failed to do so. Sullivan County maintains that it did not take any action to enforce its judgment, which the County does not dispute was entered during the pendency of the Debtors' first bankruptcy filing. On the other hand, Sullivan County did not provide this Court with any evidence that it took action to vacate the judgment signed and entered in violation of the stay, despite having an affirmative duty to do so.

The Court finds that Judge LaBuda was performing a judicial function

when he signed the judgment a month after the Debtors' filed their first bankruptcy proceeding. Signing a judgment constitutes the continuation of a judicial proceeding against the debtor within the meaning of 11 U.S.C. § 362(a)(1). *See In re Capgro Leasing Assoc.*, 169 B.R. 305, 316 (Bankr.E.D.N.Y.1994).[4] Judicial actions taken against a debtor are void *ab initio*, absent a relief from the automatic stay. *See In re Patti, supra* \* 7; *see also In re Best Payphones, Inc.*, 279 B.R. 92, 97–98 (Bankr.S.D.N.Y.2002)(Bernstein, C.J.)(any proceedings or actions described in § 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect). As actions taken in violation of the automatic stay are void, and not voidable, the Debtors do not have to reopen their prior Chapter 13 case to redress the stay violation. *See In re Prine, supra*, at 612; *D'Alfonso supra*, at 508; *In re Schwartz, supra* at 571–2. The Court holds that the judgment signed by Judge LaBuda after the filing of the petition was a violation of the automatic stay and therefore a nullity. Furthermore, Sullivan County failed to take affirmative action to vacate the judgment signed by the State Court judge in violation of the stay. Therefore, Sullivan County's actions amounted to a willful violation of the automatic stay, and Sullivan County is liable for any actual damages as well as Debtors' attorney's fees. *See* 11 U.S.C. § 362(h).[5]

### CONCLUSION

 Debtor is to submit an Order consistent with the Court's holding herein. The party seeking damages pursuant to 11 U.S.C. § 362(h) has the burden of proving what damages were incurred and what relief is appropriate. *See Sucre, supra*, at 349. The Court has scheduled an inquest on Debtor's damages to take place on April 22, 2004 at 2:00 p.m. The measure of damages will be the sole issue to be determined at the inquest.

---

4. The Court recognizes that the entry of the judgment by the clerk might have been a mere "ministerial act" and might not constitute the continuation of judicial proceeding pursuant to 11 U.S.C. § 362(a)(1). *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522 (2d Cir.1994).

5. 11 U.S.C. § 362(h) provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."