**In re Charles G. VAGLICA, Debtor.**

**Bankruptcy No. B–88–11972.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

March 21, 1990.

**18**

Sidney Farr, Houston, Tex., for debtor Charles Vaglica.

Joseph A. Pitzinger, III, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for U.S. (IRS).

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

At issue in this case is whether Debtor is liable, pursuant to 26 U.S.C.A. § 6672, to the Department of the Treasury—Internal Revenue Service for a tax penalty for failure to remit withheld quarterly employment taxes.

## FACTUAL BACKGROUND

The facts are relatively simple. The Internal Revenue Service ("IRS") maintains that during certain portions of 1981 and 1982 Charles Vaglica, ("Debtor"), in his capacity as president and sole shareholder of a ship repair business known as Industrial Steel Corporation, ("ISC"), failed to make several quarterly employment tax payments to wit:

September 30, 1981—$46,005.86;

June 30, 1982—$1,506.67;

September 30, 1982—$1,123.13.

It is the contention of the IRS that Debtor's failure to make these quarterly tax payments requires the imposition of the 100% tax penalty pursuant to the provisions of 26 U.S.C.A. § 6672. This is significant in that under 11 U.S.C. § 507(a)(7)(C) the Bankruptcy Code treats unpaid employment taxes that are required to be collected or withheld and for which Debtor is liable in whatever capacity as a priority claim. *See* 3 *Collier on Bankruptcy*, 507.04, 507–43 (11 U.S.C. § 507(a)(7)(C). Liability under 26 U.S.C.A. § 6672 (the 100% penalty assessment) is asserted upon proof of two elements: responsibility and willfulness. Not surprisingly, the IRS contends that Debtor is a "responsible person" and that his failure to pay was willful. Debtor's response rests on his ignorance of the nonpayment of taxes. Debtor claims that once he was apprised of the situation he attempted to rectify the delinquency via the sale of various assets of his business. Since he did not consciously and/or intentionally avoid the payment of the employment taxes Debtor argues that he does not meet the willfulness standard of 26 U.S.C.A. § 6672.

## MEMORANDUM OF LAW

In order to make the 100% penalty assessment under 26 U.S.C.A. § 6672 the IRS must demonstrate that the individual against which such assessment is sought is "A person required to collect, truthfully account for, and pay over any tax imposed by this title, 'i.e' a responsible person." 26 U.S.C.A. § 6672.

The characterization of "a responsible person" is not a novel issue in the law. The Fifth Circuit Court of Appeals has held that a responsible person is any person who can effectively control the finances or determine which bill should or should not be paid, and when. *Liddon v. United States*, 448 F.2d 509 (5th Cir., 1971). For purposes of 26 U.S.C.A. § 6672, responsibility has been held to be a matter of status, duty and authority. *Mazzo v. United States*, 591 F.2d 1151 (5th Cir., 1979). It is not necessary that an individual have the final word as to which creditor should be paid in order to be subject to liability under 26 U.S.C.A. § 6672. Rather, the Fifth Circuit has held that it is sufficient that the person have significant control over the

disbursement of corporate funds to find that they are a "responsible person" under 26 U.S.C.A. § 6672. *Neckles v. United States,* 579 F.2d 938 (5th Cir., 1978). Furthermore, "the mere delegation of responsibility to another does not constitute reasonable cause to fail to collect, account for, and pay over withholding taxes." *Mazzo v. United States, supra.* Finally, the *Mazzo* Court acknowledged that indicia of responsible officer status include the holding of corporate office, ownership of stock in the corporation, and authority to write checks on corporate accounts, and other significant authority such as the ability to hire and fire personnel. *Id.* at page 1156–1157.

In this case there can be no doubt that Debtor is a "responsible person" under the intent of 26 U.S.C.A. § 6672 and relevant case law in the Fifth Circuit Court of Appeals. Debtor was president and sole shareholder of Industrial Steel Corporation. While there was some testimony that he delegated the collection and disbursement of payroll employment taxes to various accountants and office personnel this did not excuse him of ultimate responsibility for payment of said taxes. Any other finding under these facts would thwart the clear intent of 26 U.S.C.A. § 6672.

However, proof that an individual is a "responsible person" under 26 U.S.C.A. § 6672 is only the first step towards imposing the one-hundred percent penalty assessment. Once it is demonstrated that an individual is a responsible person under the statute, the IRS must demonstrate that the failure to pay such tax was "willful."

The crux of Debtor's argument is that willfulness should be interpreted to mean intent not to pay. Debtor's response to the allegations of the IRS is that he did not know the taxes were not paid and that once he found out that the taxes were not being paid he took certain steps to attempt to pay these taxes including auctioning off certain equipment of his business. In response, the IRS disputes Debtor's claim of ignorance. In the alternative, the IRS maintains that any failure by the Debtor to pay the employment taxes was a result of recklessness.

The tax deficiency notices in evidence before the Court demonstrate that at least one half dozen letters were directed to Debtor in 1982 informing him that ISC was delinquent in paying its employment taxes. During this time it is undisputed that Debtor's business was faltering badly. As a result of the economic down turn in the business in which Debtor was employed as well as the burden of the employment taxes Debtor was forced to conduct a sale of many assets of ISC. There was evidence introduced that Debtor continued his business albeit on a severely truncated basis, up until this sale. As a result of the sale Debtor received gross sale proceeds of $105,080.42 and after a lien against the equipment sold was satisfied, Debtor netted approximately $30,688.65. Debtor could not adequately account for the disposition of this $30,000.00 sum. The Debtor testified that he was instructed by his former counsel to simply leave the money in the account for the IRS. The IRS disputes ever receiving the money and the money has never been satisfactorily accounted for.

Several Courts have held that the willfulness requirement is satisfied upon a showing that the person responsible for paying employment taxes acted with reckless disregard as to whether or not the withheld taxes were to be remitted to the United States. *T.L. v. United States,* 529 F.2d 903 (9th Cir., 1976); *Godfrey v. United States,* 748 F.2d 1568 (1984). The *Godfrey* Court held that reckless disregard includes a failure to investigate or correct mismanagement after receiving notice of a withholding tax delinquency. This Court follows that reasoning and holds that this standard has been met. Following the auction sale of various assets of his business Debtor failed to account for a sum of $30,000.00 in net proceeds. Debtor's failure to proceed with recovery of these funds and payment in satisfaction of delinquent employment taxes was reckless in light of his knowledge of employment tax delinquencies.

Furthermore, in *Sorenson v. United States,* 521 F.2d 325, 328 (9th Cir., 1975), the Court of Appeals held that

"We hold that the payment of net wages in circumstances where there are no available funds in excess of net wages from which to make withholding is a willful failure to collect and pay over under § 6672 (emphasis added) * * *"

This requires the employer to prefer the United States over his workers. The *Sorenson* Court acknowledged that while this may appear oppressive, it could see no escape from this position so long as § 6672 remains in its present form. As written there is no authority for the employer to prefer *any* creditors over the United States. *Id.* at 328–329. This holding was also followed in the earlier case of *Dudley v. United States*, 428 F.2d 1196, 1198 (9th Cir., 1970).

It is uncontroverted that Debtor continued to allow ISC to pay net wages in derogation of his responsibility to pay withheld employment taxes. Such failure constitutes willfulness under 26 U.S.C. § 6672 and the holdings in the beforementioned courts.

In conclusion, the Court is left with no alternative but to hold that under 26 U.S.C.A. § 6672 Debtor is a responsible person who willfully failed to collect or remit the employment taxes at issue.