**John C. RONSBERG, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. A3–90–72.**

United States District Court,
D. North Dakota,
Southeastern Division.

June 11, 1992.

Garry A. Pearson, Pearson, Chirstensen, Larivee & Fischer, Grand Forks, N.D., for plaintiff.

Lynn E. Crooks, Asst. U.S. Atty., Fargo, N.D., Thomas V. Linguanti, Billie L. Crowe, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

John Ronsberg initiated this suit against the Internal Revenue Service (IRS) of the United States after he was assessed a one-hundred percent penalty pursuant to 26 I.R.C. § 6672. Ronsberg was assessed the penalty in his capacity as a "responsible person" for purposes of collecting withholding and employment taxes of Pavement Maintenance, Inc. (PMI). The matter is currently before the court on plaintiff Ronsberg's motion for summary judgment.

Summary Judgment is available to a party when a review of the pleadings and other documents filed indicate there exists no genuine issue of material fact and that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A Court considering a motion for summary judgment must view the evidence in a light most favorable to the non-moving party. The non-moving party is entitled to all reasonable inferences that can be drawn from the evidence. *Vacca v. Viacom Broadcasting of Missouri, Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989).

## FACTUAL BACKGROUND

It appears that PMI failed to remit to the Internal Revenue Service certain sums, held in trust, representing employment and withholding taxes for the three quarterly periods commencing July 1, 1982, and ending March 31, 1983. In such a situation, the IRS can assess a one hundred percent penalty against those persons in the business entity who are responsible for the collection and payment to IRS of the entity's withholding tax liabilities. 26 I.R.C. § 6672.

In early January, 1987, Ronsberg received a notice from the IRS informing him that he was being charged a one-hundred-percent penalty, pursuant to 26 I.R.C. § 6672, for failing, as a responsible person of PMI, to collect, account for, or pay over trust fund taxes. The penalty was assessed in one lump sum for the amount of $126,603.91. The parties agree that the government, in assessing a one-hundred-percent penalty pursuant to 26 I.R.C. § 6672, must do so as described in 26 I.R.C. § 6671. Section 6671 provides in pertinent part as follows:

> **(a) Penalty assessed as tax.** The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes ...

*Id.* At the core of this litigation is the opposing views of the parties as to the interpretation of section 6671. Plaintiff construes the statute as requiring the government to assess and collect section 6672 penalties in *exactly* the same manner as the underlying tax was to be assessed and collected. Plaintiff's brief in Support of Motion for Summary Judgment (Doc. # 36) at 4. The government's position is that the penalty must be assessed as taxes are assessed but argues there is no requirement that the penalty assessment be done in exactly the same manner as the assessment of the underlying tax. Defendant's Brief in Response to Plaintiff's Motion for Summary Judgment (Doc. # 38) at 3.

In this case the IRS based its assessment of the penalty in question on PMI's failure to retain and pay over to the IRS, employment and withholding taxes as required by 26 I.R.C. §§ 3402(a) and 3501. Those taxes are required to be reported on a quarterly basis unless another method is approved by the IRS. *Id.* Plaintiff acknowledges that the IRS initially made a quarterly assessment of the taxes in question. Plaintiff's Brief in Support of Motion for Summary Judgment (Doc. # 36) at 3. Plaintiff argues, however, that once IRS sought to hold him personally liable, they were required to assess the penalty on a quarterly basis, exactly as the original tax was assessed and to be paid. *Id.* at 5.

Defendant admits that the underlying tax was to be paid on a quarterly basis but alleges there is no requirement that the IRS assess a section 6672 penalty in exactly the same manner as the underlying tax. Defendant's Brief (Doc. # 38) at 3.

## DISCUSSION

A resolution of the issues presented requires a determination of the applicable rules; whether there was a violation of the rules; and the consequence of a violation.

### 1. *Applicable Rules*

Plaintiff has read into the plain language of 26 I.R.C. § 6671 a requirement that section 6672 penalties be assessed and paid in exactly the same manner as the taxpayer was to voluntarily pay the underlying tax. Plaintiff has failed, however, to direct the court to authority, statutory or case precedent, which directly supports this theory. The majority of plaintiff's argument, and the authority cited to in his briefs, address the issue of the consequences of a failure of the IRS to adhere to the exact requirements of the tax laws.

A section 6672(a) penalty imposes personal liability upon the responsible individual employee or officer, which is distinct and separate from the tax liability imposed upon the employer. *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983); *United States v. Pomponio,* 635 F.2d 293, 298 (4th Cir.1980); *See also Kelly v. Lethert,* 362 F.2d 629 (8th Cir.1966) ("The result of section 6672 is thus to make the

responsible officers of the corporation, as well as the corporation itself, equally liable as co-debtors to the Government and the Government may proceed against either in the order best suited in its judgment to collect the unpaid tax."). Thus, while both Ronsberg and PMI's liability arose out of the same tax obligation, Ronsberg's liability was not created until PMI failed to pay the tax in question.

Our system of taxation relies on voluntary reporting by the citizenry. To facilitate this process, Congress has enacted a tax code. This code provides guidance to the citizens in preparation of their tax returns and to the executive branch of the government in the collection of the tax. In this case the provisions of 26 I.R.C. § 3402 required PMI to withhold certain sums from its employees and voluntarily pay the withholding to the IRS. The corporation failed to do so. If a taxpayer fails to voluntarily comply, the code authorizes the IRS to assess an appropriate penalty. *See* 26 I.R.C. § 6201(a) ("The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable *penalties*) imposed by law, which have not been duly paid....") (emphasis added). In applying the appropriate penalty, (in this case a section 6672 penalty) the government must do so as if it were assessing and collecting a tax. 26 I.R.C. § 6671. It is important to understand that "assessing and collecting a tax", in this context, is a process that occurs after a taxpayer has failed to voluntarily abide by the provisions of the code.

Plaintiff argues that the government must adhere to the requirements of the code, anticipating voluntary compliance by the taxpayer, in assessing the penalty in question. Plaintiff's argument fails to acknowledge that in cases such as this, a penalty assessment is a procedure that takes place only after the taxpayer has failed to voluntarily submit the tax in question. Once the taxpayer fails to pay the tax, the government initiates the process of assessment of the penalty.

Assessment and the voluntary payment of taxes are distinct concepts. Just as there are specific regulations governing the voluntary payment of taxes, there are specific regulations governing the assessment of taxes and penalties. This court is confident that had Congress intended the IRS to assess section 6672 penalties in exactly the same manner as the underlying tax was to be voluntarily submitted, they would have drafted the code to specifically so state. Thus, the court finds that section 6671 mandates the government assess a section 6672 penalty in the same manner as it would have assessed a tax. The next step in this analysis, therefore, is a description of the proper method of assessing taxes.

The Sixth Circuit Court of Appeals has provided guidance on this issue. In *Planned Investments, Inc. v. United States*, 881 F.2d 340 (6th Cir.1989), the taxpayer sued the government for a refund of an assessed penalty for promoting an abusive tax shelter. *Id.* The taxpayer argued to the district court that the notice was inadequate and unfair in that it failed to provide the correct tax period. *Id.* at 342. The district court agreed and granted summary judgment in favor of the taxpayer. The Sixth Circuit Court of Appeals reversed. *Id.*

There are many similarities between the facts in *Planned Investments* and the case at bar. In *Planned Investments*, the penalty arose from the use by the tax payer of an abusive tax shelter contrary to the provisions of 26 I.R.C. § 6700. In the case now before this court, the penalty arose from the plaintiff's alleged failure to abide by the provisions of 26 I.R.C. § 6672. In both instances, 26 I.R.C. § 6671 directs the manner in which the penalties are to be assessed. The court in *Planned Investments* provided a logical explanation of the manner in which section 6671 penalties are to be assessed.

Section 6671 provides that all penalties provided by Subchapter B of Chapter 68 ... 'shall be paid upon notice and demand ... and shall be assessed and collected as taxes.' 26 U.S.C. § 6671(a).

Chapter 63 of the Code, 26 U.S.C. §§ 6201–45, governs assessment of taxes. Accordingly, given the § 6671(a) instruction that [a] ... penalty be assessed 'as taxes,' Chapter 63 provides the mechanism for assessment of the ... penalty....

In accord with the § 6671(a) mandate that § 6700 penalties be assessed and collected as taxes, Chapter 64, which sets forth the rules for collection of taxes, governs the collection of § 6700 penalties. Section 6303 of Chapter 64 provides the general rule for the notice and demand for tax:

> After the making of an assessment of a tax pursuant to section 6203, the IRS shall give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.

26 U.S.C. § 6303(a). Section 6303 does not prescribe any particular form of notice. Treasury Regulations promulgated under the authority of § 6303 merely parrot the statutory language that the notice shall state the amount of the tax and demand payment thereof. 26 C.F.R. § 301.6303–1(a).

Construing the plain language of the statutes and regulations outlined above, it becomes evident that the form of notice on an assessment of a § 6700 penalty requires only a statement of the amount of the penalty and a demand for payment.

*Id.* at 343–44.[1]

■ In *Planned Investments*, the penalty was based on a violation of section 6700. *Id.* at 341. In assessing penalties under section 6700, section 6703 mandates that the deficiency procedures of Subchapter B of chapter 63 "shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702". 26 I.R.C. § 6703(b). There is no

similar statute applicable in cases involving section 6672 penalties. Thus the court must necessarily determine which Subchapter of chapter 63 is to be utilized in assessing section 6672 penalties.

Subchapter B is specifically designed for use in deficiency procedures involving income, estate, and gift taxes. *See* Deficiency Procedures in the Case of Income, Estate, Gift, and Certain Excise Taxes, Pub.L. No. 91–172, 83 Stat. 532 (codified as amended in scattered sections of 26 U.S.C.). Because there is no support for classifying the penalty imposed in this case as an assessment for a deficiency of income, estate, gift or excise tax, this court concludes that Subchapter B is not the appropriate avenue for the assessment of 26 I.R.C. § 6672 penalties.

Having ruled out Subchapter B, the only applicable Subchapter in Chapter 63 by which a section 6672 penalty can be assessed is Subchapter A. Section 6203 requires that assessments be made by "recording the liability of the taxpayer in the office of the Secretary.... Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment." 26 I.R.C. § 6203. The code mandates that the record of the assessment need only be provided upon the taxpayer's request. In the absence of a request by the taxpayer, the Secretary was not required to provide a copy of the record of assessment when the notice of penalty went out.

Chapter 64 of the Internal Revenue Code is entitled Collection. Section 6303 provides in pertinent part as follows:

> (a) General Rule.—Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and

---

1. The Sixth Circuit's decision in *Planned Investments* was adopted by the Fifth Circuit in *Sage v. United States*, 908 F.2d 18 (5th Cir.1990). In *Sage*, the taxpayer argued that the notice of assessment pursuant to 6671 was invalid as the years in which the offense allegedly took place was incorrectly stated. *Id.* at 20. The Fifth

Circuit, in adhering to the precedent set out in *Planned Investments*, held that where a technical mistake on the notice of assessment did not mislead a taxpayer who had actual knowledge of the correct time period, the assessment was valid. *Sage*, 908 F.2d at 22.

demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such persons last known address.

26 I.R.C. § 6303. Section 6303 does not require a specific form of notice. The only information that is required in the notice of assessment is the amount of the assessment and a demand for payment.

### 2. *Were the Rules Violated?*

 In this case the taxpayer received a document from the Internal Revenue Service. The document contained a statement indicating the amount of the assessed penalty. The statement also included a demand for payment. The court concludes that this notice met the requirements mandated by the Internal Revenue Code.[2]

Having concluded that the applicable rules in this case have been adhered to, plaintiff's motion for summary judgment (Doc. # 34) is denied.

IT IS SO ORDERED.

---

**2.** The court surmises that even if the IRS was required to describe, in the notice of assessment, each quarter for which the penalty in question was being assessed, the failure to do so in the absence of error would not necessarily result in the invalidation of the assessment. In *Sage v. United States*, 908 F.2d 18 (5th Cir.1990), the court stated:

> Clearly a notice of assessment and demand for payment that contains a technical error will be held valid where the taxpayer has not been misled by the error. Again we look to *Planned Investments* as the case factually on all fours with the instant case and note that the Sixth Circuit held that the taxpayer suffered no harm flowing from the IRS's failure to provide notice of the specific years of prohibited conduct giving rise to the penalty. *Id.* at 22 (citations omitted).

There is no evidence in this case that the taxpayer was misled by the notice of assessment. The underlying documentation involving the assessment of the penalty is not claimed to be incorrect.

> *See also United States v. Schroeder*, 900 F.2d 1144 (7th Cir.1990). In *Schroeder*, the IRS overstated an assessment of a section 6672 penalty by $6348.19. *Id.* at 1148. The district court, after a bench trial, entered judgment for the taxpayer finding the assessment to be erroneous and arbitrary. *Id.* at 1147–48. The Circuit Court in reversing the district court stated:
>> Thus it is clear that the government's assessment was wrong, and wrong by $6348.19. This does not mean, however, that the defendants owe nothing. Proof that an assessment is incorrect does away with the government's presumption, it is true, but it does not wipe out the taxpayer's liability.
> *Id.* at 1148.