**In re Charles G. VAGLICA, Debtor.**

No. 1:90–CV 0321.

United States District Court,
E.D. Texas,
Beaumont Division.

April 29, 1993.

Sidney Lavelle Farr, Houston, TX, for plaintiff.

Joe A. Pitzinger II, U.S. Dept. of Justice, Tax Div., Dallas, TX, for defendant.

### MEMORANDUM ORDER

COBB, District Judge.

This is an appeal from the judgment of the United States Bankruptcy Court for the Eastern District of Texas imposing a 100% tax penalty for failure to make three quarterly tax payments pursuant to 26 U.S.C. § 6672, 112 B.R. 17. Debtor-appellant challenges the bankruptcy judge's determination that his failure to pay federal employment taxes was willful under the statute and that his penalty assessment is not limited to the third quarter of 1982. For the reasons given below, the decision of the bankruptcy court is affirmed.

Charles G. Vaglica, debtor-appellant, was president and sole shareholder of Industrial Steel Corporation (ISC), which ceased doing business at the end of 1982. In 1983, the Internal Revenue Service (IRS) penalized him for unpaid employment taxes in the third quarter of 1981 and the second and third quarters of 1982,[1] pursuant to § 6672. In 1988, he filed for relief under Chapter 13, Title 11 of the Bankruptcy Code; the IRS timely filed a Proof of Claim, to which Debtor filed an objection. After a hearing on the same, Bankruptcy Judge Donald R. Sharp entered judgment imposing the 100% tax

---

**1.** September 30, 1981 ($46,005.86); June 30, 1982 ($1,506.67); and September 30, 1982 ($1,123.13).

penalty for the quarters noted as required by 26 U.S.C. § 6672. Debtor timely appealed.

■ The standard of review for bankruptcy court judgments is *de novo* for legal conclusions and clear error for factual findings. Bankruptcy Rule 8013, 11 U.S.C. *See In re Braniff Airways, Inc.*, 783 F.2d 1283, 1287 (5th Cir.1986) (findings of fact); *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986) (questions of law). The bankruptcy court's findings of fact must be affirmed unless the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *In re Braniff* at 1287 ("clearly erroneous" standard).

■ Liability under 26 U.S.C. § 6672 (100% penalty assessment) is predicated upon a finding of responsibility and willfulness. An individual is a "responsible person" if he or she can effectively control the finances or determine which bill should or should not be paid and when. *Liddon v. United States*, 448 F.2d 509 (5th Cir.1971); *see Neckles v. United States*, 579 F.2d 938 (5th Cir.1978) (significant control over disbursement of funds); *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979) (mere delegation of responsibility does not negate authority).

■ A responsible person is "willful" in failing to collect, account for, or pay employment taxes if he or she acted with reckless disregard as to whether or not the withheld taxes were to be remitted to the United States. *Brown v. U.S.*, 591 F.2d 1136, 1140 (5th Cir.1979); *see Mazo* at 1157. Payment of net wages absent available excess funds from which to make withholding after notice of delinquency constitutes willfulness. *Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir.1975).

■ Debtor does not dispute the bankruptcy judge's finding that, as president and sole shareholder of ISC, Debtor was ultimately responsible for the payment of ISC's taxes. The issue is whether the bankruptcy judge was correct in finding the Debtor willful in allowing ISC to pay net wages after notice of liability and in failing to account for a sum of $30,000 remaining from an auction sale of ISC's assets after satisfaction of a bank lien on the equipment sold.

It is Debtor's contention that willfulness under the statute requires a voluntary, conscious and intentional act, *Gustin v. United States*, 876 F.2d 485 (5th Cir.1989) (mere negligence is not enough); therefore, his failure to pay the taxes owed in 1981 with the unencumbered funds of 1982 cannot be willful under the statute because he was not on notice of that liability until 1982. *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978) (no absolute liability absent personal fault).

*Slodov*, however, is inapposite; in that case, the plaintiff did not become a responsible person under the statute until after the debt was incurred. *Id.* at 246, 98 S.Ct. at 1784; *see Mazo* at 1157. On the undisputed record evidence, Debtor was a responsible person in 1981; and, as such, had a duty to pay the 1981 debt upon notice of same in 1982 with the unencumbered funds of 1982. *See Howard v. United States*, 711 F.2d 729, 735 (5th Cir.1983); *Brown v. U.S.* at 1141.

The evidence on record of Debtor's payment of net wages after notice of liability in 1982 is uncontroverted; the evidence of his knowledge of the tax deficiency for 1981 and 1982 is compelling. As there is no authority for the employer to prefer *any* creditors over the United States under § 6672, *Sorenson* at 328–329, the bankruptcy court was correct in finding Debtor "willful" under the statute.[2] *See Howard* at 735 (neither discomfort over not paying taxes nor desire to see them paid makes the failure to pay any less willful).

■ Finally, Debtor argues on appeal that the claim of the United States should be limited only to the taxes due for the quarter ending September 30, 1982, ($1123.17), because that is the date on the IRS Amended Proof of Claim. However, as the record below reveals no objection by the Debtor that the proceedings exceeded the scope of

---

2. Consequently, this Court does not reach the issue of the still unaccounted auction money, · although we note with approval the bankruptcy judge's finding that the Debtor's testimony as to the missing money was less than adequate. (Opinion, pp. 559–60).

the government's proof of claim, that argument cannot be raised on appeal.

The judgment of the bankruptcy court is AFFIRMED.