**Floyd E. RILEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2:94CV00124 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 25, 1995.

Edwin G. Harvey, Guy A. Schmitz, Coburn and Croft, St. Louis, MO, Ronald E. Jenkins, Paula L. Colman, Jenkins and Kling, St. Louis, MO, for Floyd E. Riley.

Jay P. Golder, U.S. Department of Justice, Trial Attorney, Washington, DC, for U.S.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiff's Motion for Summary Judgment. On November 2, 1994 plaintiff brought suit against the United States to recover $2,000, plus interest, representing a penalty paid to the IRS pursuant to 26 U.S.C. § 6672. Thereafter, the United States filed a counterclaim against plaintiff for the unpaid balance of such penalty in the amount of over $650,-000. Plaintiff has filed a motion for summary judgment. Defendant opposes that motion.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e).

*Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514–15; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273–74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The Internal Revenue Service ("IRS") may impose a 100% penalty against persons responsible for the collection of employee withholding taxes who willfully fail to pay over those taxes. 26 U.S.C. § 6672. The parties agree that the IRS assessed such a penalty against plaintiff in the amount of $683,675.24. The assessment was for employee withholdings made in first, second, and third quarters of 1990 allegedly not paid to the IRS by a company known as FERCO Fabricators, Inc. ("FERCO").

The following facts are not disputed. On September 17, 1991 after the taxes at issue were due, plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. (Pl.Exh. 1.) On May 18, 1992 the IRS sent plaintiff a Notice of Proposed Assessment of the § 6672 penalty; the notice warned plaintiff that the threatened penalty would be processed if he did not protest it within 30 days. (Pl.Exh. 3.) In a letter dated June 8, 1992 plaintiff, through his attorneys, advised the IRS that the proposed assessment violated the automatic stay provisions of 11 U.S.C. § 362(a). (Pl.Exh. 4.) The IRS disagreed with plaintiff's position and on June 16, 1992 plaintiff appealed the IRS's assessment by mailing a protest letter. (Pl.Exh. 2.) On June 30, 1992 the Bankruptcy Court entered its discharge order. (Pl. Exh. 5.) Mr. Riley's appeal of the proposed assessment was eventually denied and the purported assessment was made the following year. Later, after paying $2,000 of the penalty, plaintiff initiated this action.

Under the version § 362 of the Bankruptcy Code applicable to this case,[1] the filing of

a bankruptcy petition operates as a stay and blocks "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). However, the filing of a petition does not operate to stay "the issuance to the debtor by a government unit of a notice of tax deficiency." 11 U.S.C. § 362(b)(9).

There is a split among the circuits regarding whether violations of the automatic stay are void or voidable. The Fifth Circuit has held that the violations of the automatic stay are voidable. *Picco v. Global Marine Drilling Co.,* 900 F.2d 846 (5th Cir.1990); *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989). The First, Second, Third, Sixth, Ninth, Tenth, and Eleventh Circuits have all held that violations are void *ab initio. Schwartz v. United States,* 954 F.2d 569 (9th Cir.1992); *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371 (10th Cir.1990); *Smith v. First America Bank,* 876 F.2d 524 (6th Cir.1989); *In re Ward,* 837 F.2d 124 (3d Cir.1988); *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc.,* 835 F.2d 427 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982). The Eighth Circuit has not yet addressed this issue. This Court finds persuasive and adopts the reasoning herein of the majority of courts addressing this issue. Therefore, any violation of the automatic stay will be deemed void *ab initio.*

In this case, the plain language of § 362(b)(9) protects only notices of tax "deficiencies," not "penalties" and forecloses the government's argument that a § 6672 "penalty" is similar enough to a "deficiency" to be exempted from the automatic stay. The government also contends that the Notice of Proposed Assessment in this case did not constitute an assessment of or an effort to collect the liability. However, the government describes the effect of the notice sent in this case as follows:

---

1. The Bankruptcy Code was amended in 1994, but the amendments are not retroactive. Bankruptcy Code Amendments of 1994, Pub.L. No.

103–394, § 702(b), 108 Stat. 4107 (codified in scattered sections of 11 U.S.C.).

[I]n the event a Trust Fund Recovery Penalty is asserted [under § 6672], the taxpayer will not be sent a notice of deficiency. Rather, the IRS sends a Notice of Proposed Assessment to the taxpayer allowing him either to agree to the assessment by signing the Form 2751 or providing a thirty-day period within which to appeal the proposed assessment by filing a protest with the Secretary. If the taxpayer agrees to the assessment, fails to respond to the notice, or fails to present sufficient facts in his protest to support non-assertion of penalty, the IRS will assess the taxpayer a penalty.

(Def.Resp. to Pl.Mot. for Summ.J. at 6.) The effect of the Notice was to force plaintiff to take steps to prevent the assessment and had plaintiff not taken such steps the IRS would have assessed the penalty while the automatic stay was still in effect. The Notice described above clearly falls within the range of acts prohibited by § 362(a) as they are designed to initiate assessment against the debtor of a claim that arose prior to the filing of his bankruptcy petition. *Cf. Schwartz v. United States,* 954 F.2d 569 (9th Cir.1992); *Spears v. United States,* 143 B.R. 950 (N.D.Okla.1992); *Olson v. United States,* 133 B.R. 1016 (D.Neb.1991). Therefore, the Notice of Proposed Assessment at issue violated the automatic stay such that it is void *ab initio.*

The government further argues that the Notice was not a mandatory procedure in its efforts at assessing the penalty, and that therefore the fact that the Notice was sent while the automatic stay was in effect does not effect the validity of the assessment made after discharge. While the IRS may not have been required to follow those procedures which resulted in the assessment, it nevertheless did and those procedures initiated with the Notice forced plaintiff while protected by a stay to participate in procedures which led to the assessment in this case. Accordingly, the Court will grant plaintiff's Motion for Summary Judgment.