United States Court of Appeals
FOR THE EIGHTH CIRCUIT
Nos. 96-1021/96-1302

Floyd E. Riley,                          *
                                         *
        Appellee/Cross-Appellant,        *
                                         *   Appeal and Cross-Appeal from the
    v.                                   *   United States District Court for the
                                         *   Eastern District of Missouri.
United States of America,                *
                                         *
        Appellant/Cross-Appellee.        *


_____

Submitted: April 14, 1997
Filed: July 7, 1997
_____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM,
    Circuit Judge.
_____

BEAM, Circuit Judge.

The United States appeals the district court's summary judgment order concluding that Floyd E. Riley is entitled to a $2,000 tax refund. Riley cross-appeals the court's denial of his motion for attorney fees. We reverse the court's summary judgment order and remand for further proceedings.

## I.  BACKGROUND

Through 1990, Floyd E. Riley was associated, in various capacities, with Ferco Fabricators, Inc., a company in Moberly, Missouri.  During this time Riley was majority shareholder and at one point served as chairman of the board of directors.  The government alleges that in 1990, while Riley was still involved with Ferco, the company failed to remit to the government more than $680,000 it had withheld from employees for social security and income taxes.

Riley filed for Chapter 7 bankruptcy in September of 1991, and received his discharge in June of 1992.  During this time, the Bankruptcy Code's automatic stay was in effect, entitling Riley to protection from all actions to recover claims against him that arose before he filed his bankruptcy petition.  See 11 U.S.C. § 362(a)(6).

On May 18, 1992, during the period of the automatic stay, the Internal Revenue Service issued to Riley a notice of proposed assessment of a penalty for Ferco's unpaid taxes, pursuant to I.R.C. § 6672.  The notice informed Riley that he could either agree to pay the proposed assessment or could file an appeal with the agency within thirty days.  Riley protested the proposed assessment, claiming that it violated the automatic stay and that, in any event, he was not responsible.  In August of 1993, more than a year after the stay expired, the IRS issued the assessment.  Riley paid $2,000, representing a portion of the assessment, and made a claim for a refund.  After the IRS denied his claim, Riley brought this refund action in the district court.

On Riley's motion for summary judgment, the district court found that the  notice of proposed assessment violated the automatic stay.  The district court concluded that this rendered the assessment void and granted Riley's request for a refund.  Riley v. United States, 192 B.R. 727, 730 (E.D. Mo. 1995).  In a later order, the court denied Riley's request for attorney fees and costs, concluding that the IRS's position, though

erroneous in the court's view, was substantially justified.  The government appeals the court's grant of summary judgment, and Riley appeals the denial of his motion for fees.

## II.    DISCUSSION

When a corporation fails to pay withheld employee "trust fund" taxes, the IRS may impose a penalty equal to one hundred percent of the deficiency on any individual who is a "responsible person" and who willfully failed to pay the taxes.  I.R.C. § 6672. Olsen v. United States, 952 F.2d 236, 239 (8th Cir. 1991).  A section 6672 assessment is presumed correct, and it is the individual's burden to show, in a refund action, that he or she was not a responsible person or did not willfully fail to pay over the taxes. Id.

Under the version of the Bankruptcy Code applicable to this case, a notice of deficiency from the IRS to a taxpayer is specifically exempted from the automatic stay provision.  See 11 U.S.C. § 362 (b)(9) (1988).  The district court rejected the agency's argument that a notice of proposed assessment under section 6672 is the same as a "notice of deficiency" for purposes of the stay, and therefore concluded that the IRS's actions were not exempted from the stay requirements.  The agency apparently concedes this issue on appeal.  Indeed, assuming that a notice of proposed assessment was not exempted from the stay requirements of the applicable version of the Bankruptcy Code, it is apparent that the agency's proposed assessment to Riley violated the stay.  The notice forced Riley to either submit to the assessment, pursue appeals within the agency, or (as Riley did) make a partial payment and then bring a refund action.  The proposed assessment thus intruded on the period of repose that the automatic stay provides the bankruptcy petitioner.

The actual assessment, however, was issued long after the automatic stay expired.  Riley argues, and the district court concluded, that the agency's issuance of the *notice* of proposed assessment during the stay renders the subsequent assessment

"void ab initio."[1]  Riley suggests two ways that the improper issuance of the notice might render the later assessment void.  We find neither theory persuasive.

First, the assessment might be invalid if the improperly issued notice means that the IRS failed to follow required procedures, and so failed to perfect its claim.  The problem for Riley is that at the time of the events in question, the Internal Revenue Code did not require the agency to issue any notice before assessing a penalty under section 6672.  Not until 1996 did Congress amend section 6672 to require the agency to issue a preliminary notice to the taxpayer before imposing an assessment.  See Taxpayer Bill of Rights 2, Pub. L. No. 104-168, § 901(a), 110 Stat. 1452, 1465 (1996) (codifying notice requirement at 26 U.S.C. § 6672 (b)).  Riley argues that Revenue Procedure 84-78, 1984-2 C.B. 754 (1984), imposed such a requirement.  Revenue Procedures that involve distinctly procedural matters not otherwise controlled by statute, however, are not binding on the agency.  See, e.g., Estate of Jones v. Commissioner, 795 F.2d 566, 571-72 (6th Cir. 1986).  Neither the Bankruptcy Code nor the Internal Revenue Code requires that we render "void ab initio" an assessment for $680,000 in unpaid taxes because that assessment was issued after a "void" notice that the agency was under no obligation to issue in the first place.

Second, Riley suggests, it is proper to void the assessment because this would be a proper remedy for the agency's earlier violation of the stay.  Any damages Riley incurred from responding to the agency's proposed assessment, however, were a matter for the bankruptcy court.  Whatever remedy Riley might be entitled to for the IRS's stay violation is irrelevant to his burden in bringing this refund action: to show that he was not a responsible person or that he did not act willfully in failing to pay Ferco's trust fund taxes.

---

[1]The district court held that the stay violation rendered the assessment void ab initio, rather than merely "voidable."  Riley, 192 B.R. at 729.  We find this theoretical question beside the point in this case, and so decline to address it.

Because we hold that the IRS should have prevailed below on Riley's motion for summary judgment, we affirm on that basis the district court's denial of Riley's motion for attorney fees.

## III.  CONCLUSION

The district court's grant of summary judgment to Riley is reversed, and the denial of Riley's motion for attorney fees is affirmed.  The case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.