**In re James MOSBRUCKER and Margaret Mosbrucker, Debtors.**

**Bankruptcy No. 97–30861.**

United States Bankruptcy Court, D. North Dakota.

April 17, 1998.

Max D. Roserberg, Bismarck, ND, for Debtor.

Clare Hochhalter, Bismarck, ND, for USA/IRS.

Wayne Drewes, Fargo, ND, for Chapter 12 Trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter arose by the objection filed by the debtors on March 13, 1998 to the proof of claim of the Internal Revenue Service ("IRS"), which was filed on February 4, 1998. The debtors object to the proof of claim on the ground that it erroneously includes civil penalties and pre-petition interest as a priority under Section 507(a)(8) of the United States Bankruptcy Code ("Code,")[1], and seek to reclassify those portions of the claim as general unsecured claims. The issue raised by this objection is closely related and critical to confirmation of the debtors' Chapter 12 plan, for its outcome may determine whether the plan as proposed can achieve

confirmation. Therefore, plan confirmation was continued pending resolution of the debtors' objection.

## I. Facts

On June 3, 1997, the debtors, James and Margaret Mosbrucker ("Mosbruckers"), filed a voluntary petition for relief under the provisions of Chapter 13 of the Code. Subsequently converting their case to Chapter 12 of the Code, they thereafter filed a proposed Chapter 12 plan on September 17, 1997, followed by a second amended plan on March 13, 1998.

The IRS filed its original proof of claim on June 13, 1997, with several amended claims filed thereafter, the most recent being filed on February 4, 1998, and aggregating $317,758.87. The only portion of this sum brought into contention by the debtors' objection is an unsecured priority claim in the amount of $217,297.29, which the proof of claim details as follows:

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest Petition Date |
| --- | --- | --- | --- | --- | --- |
| 502–42–1494 | CIVIL PEN | 03/31/81 | 10/18/82 | $24,949.28 | $83,680.70 |
| 502–42–1494 | CIVIL PEN | 12/31/82 | 07/11/83 | $10,821.70 | $97,845.61 |

The Mosbruckers do not contest the tax assessments listed in the proof of claim; rather, they dispute its classification as an unsecured priority claim, contending it should be reclassified as a general unsecured claim subject to discharge under Code § 523(a)(7) upon the plan's completion. They argue that such treatment is appropriate, as these liabilities stem from civil penalties which were imposed with respect to

transactions or events which occurred more than three years before the filing of their petition in bankruptcy.

■ In contrast, the IRS maintains that its claim in the amount of $217,297.87 is properly classified, as it stems from "trust fund" tax liabilities levied pursuant to Section 6672 of the United States Internal Revenue Code ("I.R.C.").[2] It asserts that this sum

1. This opinion concerns sections of both the United States Bankruptcy Code and the United States Internal Revenue Code. For purposes of simplification and clarity, all references hereafter to the "Code" refer exclusively to the Bankruptcy Code. References to the Internal Revenue Code shall be abbreviated to "I.R.C."

2. The United States Supreme Court succinctly explained the origin and function of "trust fund" tax liability in *United States v. Energy Resources Co.*, 495 U.S. 545, 546–47, 110 S.Ct. 2139, 2140–41, 109 L.Ed.2d 580 (1990), with the following:

> The Internal Revenue Code requires employers to withhold from their employees' paychecks money representing employees' person-

al income taxes and Social Security taxes. 26 U.S.C. §§ 3102(a), 3402(a). Because federal law requires employers to hold these funds in "trust for the United States," 26 U.S.C. § 7501(a), these taxes are commonly referred to as "trust fund" taxes. *Slodov v. United States*, 436 U.S. 238, 242–243, 98 S.Ct. 1778, 1782–1783, 56 L.Ed.2d 251 (1978). Should employers fail to pay trust fund taxes, the Government may collect an equivalent sum directly form the officers or employees of the employer who are responsible for collecting the tax. 26 U.S.C. § 6672. These individuals are commonly referred to as "responsible" individuals. *Slodov, supra*, at 244–245, 98 S.Ct., at 1783–1784.

must be treated as an unsecured priority claim under Code § 507(a)(8)(C)[3] and is, accordingly, nondischargeable pursuant to Code § 523(a)(1)(A).

## II. Discussion

■ Debts excepted from discharge under Code § 523(a) are excepted from the discharge which Code § 1228(a) or (b) affords to all qualifying debts provided for by a plan under Chapter 12.[4] 11 U.S.C. § 1228(a)(2), (c)(2). Such debts include, inter alia, the taxes accorded priority status under Code § 507(a)(8). 11 U.S.C. § 523(a)(1)(A). Subsumed within this priority for "allowed unsecured claims of governmental units," 11 U.S.C. § 507(a)(8), are those claims for taxes which are "required to be collected or withheld and for which the debtor is liable in whatever capacity," 11 U.S.C. § 507(a)(8)(C). Trust fund taxes fall within the compass of Code § 507(a)(8)(C), and are, therefore, nondischargeable in bankruptcy. *See Internal Revenue Service v. Taylor (In re Taylor)*, 132 F.3d 256, 261 (5th Cir.1998); *In re Palij*, 202 B.R. 27, 31 (Bankr.D.N.J.1996); *In re Vaglica*, 112 B.R. 17, 18 (Bankr.E.D.Tex. 1990).

"Civil penalties" assessed in relation to unpaid trust fund taxes, such as those listed in the proof of claim of the IRS in the instant matter, are also accorded the same priority as the underlying taxes themselves, and thus, too, are nondischargeable. Under the former Bankruptcy Act, this was the result which obtained under the Supreme Court's decision in *United States v. Sotelo*, 436 U.S.

268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). With the subsequent enactment of the Bankruptcy Code, the *Sotelo* decision was effectively codified in Code § 507(a)(7)(C). *See* 3 William L. Norton, Jr., *Norton Bankruptcy Law and Practice* § 47:9 at 47–17 (2d ed.1994). These issues are explained in full in the Congressional Record, as follows:

> Taxes which the debtor was required by law to withhold or collect from others and for which he is liable in any capacity, regardless of the age of the tax claims. This category covers the so-called "trust fund" taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, and the employees' share of social security taxes.
>
> In addition, this category includes the liability of a responsible officer under the Internal Revenue Code (sec. 6672) for income taxes or for the employees' share of social security taxes which that officer was responsible for withholding from the wages of employees and paying to the Treasury, although he was not himself the employer. This priority will operate when a person found to be a responsible officer has himself filed in title II, and the priority will cover the debtor's responsible officer liability regardless of the age of the tax year to which the tax relates. The U.S. Supreme Court has interpreted present law to require the same result as will be reached under this rule. *U.S. v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978).

*See, e.g., Riley v. United States*, 118 F.3d 1220, 1221 (8th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1299, 140 L.Ed.2d 466 (1998); *Donelan Phelps & Co., Inc. v. United States*, 876 F.2d 1373, 1374–75 (8th Cir.1989); *Mercantile Bank of Kansas City v. United States*, 856 F.Supp. 1355, 1359 (W.D.Mo.1994); *Ronsberg v. United States*, 798 F.Supp. 582, 583–84 (D.N.D.1992). Assessments made pursuant to I.R.C. § 6672 are "presumed correct, and it is the individual's burden to show, in a refund action, that he or she was not a responsible person or did not willfully fail to pay over the taxes." *Riley*, 118 F.3d at 1221; *see Olsen v. United States*, 952 F.2d 236, 239 (8th Cir.1991).

3. In reviewing the Code and case law in these matters, it is helpful to note that Code § 507(a)(7) was redesignated as Code § 507(a)(8).

by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, tit. III, § 304(c), 108 Stat. 4112, 4142. In its place was created a newly enacted priority for alimony, maintenance, and child support. *See* 11 U.S.C. § 507(a)(7).

4. Code § 1228(a) provides generally that completion by the debtor of all payments under a Chapter 12 plan will discharge all qualifying debts provided for by the plan. *See* 11 U.S.C. § 1228(a). Code § 1228(b) allows the court, under specified circumstances, to grant such a discharge even absent completion of plan payments by the debtor. *See* 11 U.S.C. § 1228(b). However, neither section operates to discharge a debt which is excepted from discharge pursuant to Code § 523(a). *See* 11 U.S.C. § 1228(a)(2), (c)(2).

4 Lawrence P. King et al., Collier on Bankruptcy ¶ 523.07[2], at 523–25 to –26 (15th ed. rev.1998) (quoting 124 Cong.Rec. H11, 112 (daily ed. Sept. 8, 1978)).

Interest, too, may be entitled to Section 507(a)(8) priority status, and therefore be nondischargeable under the Code. As this Court has previously ruled, pre-petition interest on underlying tax liabilities is nondischargeable where the tax liabilities are nondischargeable. *Olson v. United States (In re Olson)*, 154 B.R. 276, 282–83 (Bankr.D.N.D. 1993). On this point, the vast majority of courts agree. *Jones v. United States (In re Garcia)*, 955 F.2d 16, 19 (5th Cir.1992); *Pierce v. United States (In re Pierce)*, 184 B.R. 338, 344 (Bankr.N.D.Iowa 1995). Several rationales have been proffered in support of this rule.

Under one rationale, to which this Court adheres, application of the rule turns on the term "claim" as it is defined and applied under the Code. Code § 507(a)(8) extends priority status to various "allowed unsecured claims of governmental units[.]" 11 U.S.C. § 507(a)(8). The term "claim" finds definition, in pertinent part, in Code § 101(5) [5], as, "the right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5). This definition has been widely interpreted to include pre-petition interest. *See In re Larson*, 862 F.2d 112, 119 (7th Cir.1988); *United States v. Stowe*, 121 B.R. 549, 552 (N.D.Ind.1990); *In re Pierce*, 184 B.R. at 344; *In re Olson*, 154 B.R. at 282; *In re Standard Johnson Co.*, 90 B.R. 41, 43–44 (Bankr.E.D.N.Y.1988); *In re Stonecipher Distribs., Inc.*, 80 B.R. 949, 950 (Bankr. W.D.Ark.1987).

Alternatively, several other courts rely on Code § 507(a)(8)(G) as their basis for according pre-petition interest equal priority with its underlying tax debt. *See In re Garcia*, 955 F.2d at 18–19; *In re Mall at One Associates, L.P.*, 185 B.R. 1009, 1021 (Bankr. E.D.Pa.1995); *cf. Hardee v. Internal Revenue Service (In re Hardee)*, 137 F.3d 337 (5th Cir.1998) (applying the rule by combining the analyses of both *In re Garcia, supra,* and *In re Larson, supra* ); *In re Crecco,* 162 B.R. 382, 383 (Bankr.D.Mass.1993) (same). Yet other courts cite to both lines of cases, without analysis, in applying the rule. *Bates v. United States (In re Bates)*, 974 F.2d 1234, 1237 (10th Cir.1992); *In re Senise*, 202 B.R. 403, 407 (Bankr.D.S.C.1996). Nevertheless, the same result obtains under any of these three lines of cases.

The unsecured priority claim of the IRS in the amount of $217,297 .29 stems from trust fund tax liabilities assessed pursuant to I.R.C. § 6672. That portion of the claim which is comprised of civil penalties levied against the Mosbruckers, as responsible individuals for their failure to pay trust fund taxes for which they were accountable, qualifies for priority status under Code § 507(a)(8)(C), and is therefore nondischargeable pursuant to Code §§ 1228 and 523(a)(1)(A). 11 U.S.C. §§ 507(a)(8)(C), 1228, 523(a)(1)(A). Further, pre-petition interest on their underlying tax liabilities is similarly accorded priority status, and is nondischargeable.

### III. Conclusion

Accordingly, and for the reasons stated herein, the objection of James and Margaret Mosbrucker is DENIED, and the claim of the Internal Revenue Service is ALLOWED consistent with its proof of claim filed on June 13, 1997. The claim of the Internal Revenue Service shall be accorded treatment in the plan consistent with this Order.

**SO ORDERED.**

---

5. The Bankruptcy Reform Act of 1994, *supra,* redesignated Code § 101(4) as Code § 101(5).